718          435 Mass. 718 (2002)

Boston Police Patrolmen's Association, Inc. *v.* City of Boston.

Boston Police Patrolmen's Association, Inc., & others[1]
*vs.* City of Boston & another.[2]

Suffolk. November 6, 2001. - January 30, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Statute,* Construction. *Public Employment,* Salary, Deferred compensation, Police. *Labor,* Wages.

A Superior Court judge correctly concluded that contributions to a tax-exempt deferred compensation plan, offered by a city to its employees, were not wages under G. L. c. 149, § 148, the so-called "weekly wage law," and consequently, not subject to the requirement that they be paid within seven days of the end of the pay period. [719-721]

CIVIL ACTION commenced in the Superior Court Department on November 6, 1996.

The case was heard by *E. Susan Garsh,* J., on a motion for judgment on the pleadings.

The Supreme Judicial Court granted an application for direct appellate review.

*John M. Becker* for the plaintiffs.

*John Foskett (Catherine S. Reidy* with him) for the defendants.

*Paul T. Hynes,* for the interveners, was present but did not argue.

*John Foskett,* for the Massachusetts Municipal Association, amicus curiae, submitted a brief.

IRELAND, J. More than 1,300 police patrol officers and detectives (plaintiffs) sued the city of Boston and its police department (city) under G. L. c. 149, § 148, the so-called "weekly

---

[1]Richard Bradley, James Carnell, Robert Duggan, and Michael O'Hara, on their own behalf and as representatives of all those similarly situated. The Boston Police Detectives Benevolent Society, Inc.; John Rogers; Dennis Harris; and Joseph Geary, on their own behalf and as representatives of all those similarly situated, filed a motion to intervene that was allowed.

[2]The police department of Boston.

wage law."[3] The plaintiffs argue that employee contributions to a tax-exempt deferred compensation plan are "wages" under the statute, and therefore subject to the requirement that they be paid within seven days of the end of the pay period, but that these monies generally have not been deposited in the appropriate accounts within seven days. The plaintiffs moved in the Superior Court for judgment on the pleadings, and judgment entered for the defendants. We granted the plaintiffs' application for direct appellate review. Because we agree with the Superior Court judge that contributions to a deferred compensation plan are not "wages" under this statute, we affirm the judgment.

The relevant facts are few and uncontested. The city offers a deferred compensation plan as a benefit to its employees. Employees who choose to participate agree to reduce their pay, and designate the amount of that reduction to be invested in one or more of several tax-deferred funds. The city then transfers those amounts to plan coordinators for investment. Prior to January, 1996, the city's procedures were cumbersome, involving the mailing of information back and forth between the management information system department, the auditing department, the treasury department, and the plan coordinators. The total time for this process generally exceeded seven days, and sometimes took as long as five weeks. In early 1996, the city began using electronic transfers rather than regular mail, reducing the time from payroll deduction to receipt by plan coordinators to an average of from five to ten days.

Because it is undisputed that the city did not always manage to transfer the plaintiffs' contributions to their accounts within seven days, the question before us is whether deferred compensation contributions are "wages" under this statute.[4] Statutory interpretation is a question of law for the court. See *Annese Elec. Servs., Inc.* v. *Newton,* 431 Mass. 763, 764 n.2 (2000). As always, we interpret the statutory language " 'ac-

---

[3]"[Employers] shall pay weekly or bi-weekly each such employee the wages earned by him . . . to within seven days of the termination of the pay period during which the wages were earned . . . ." G. L. c. 149, § 148.

[4]We do not address the maximum time allowable for transfer of deferred compensation funds under either Massachusetts or Federal law, but only the question posed by the parties: whether deferred compensation contributions are "wages" under the weekly wage law.

cording to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' *O'Brien* v. *Director of the Div. of Employment Sec.*, 393 Mass. 482, 487-488 (1984), quoting *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass. 360, 364 (1975)." *Champagne* v. *Champagne*, 429 Mass. 324, 326 (1999).

The plaintiffs argue that the weekly wage law is remedial and should be construed broadly to effect its intended purpose. See *Neff* v. *Commissioner of the Dep't of Indus. Accs.*, 421 Mass. 70, 73 (1995). The purpose of the weekly wage law is clear: to prevent the unreasonable detention of wages. See *American Mut. Liab. Ins. Co.* v. *Commissioner of Labor & Indus.*, 340 Mass. 144, 147 (1959). The point of a deferred compensation program, however, is that payment will be deferred. The Legislature's remedy for the evil of unreasonable detention of wages is not applicable to deferred compensation contributions. The contributed funds are intended to be held, out of the employee's possession, for an extended period. In exchange, the employee receives the benefit of a tax deferment. Any employee who wishes to forgo the tax benefit and receive that money as it is earned may choose not to enroll in the program. The plaintiffs' arguments for a contrary statutory construction are unavailing.

The deferred compensation plan is authorized by G. L. c. 29, § 64B, inserted by St. 1988, c. 319, which provides that the Commonwealth and its subdivisions may offer such a program "in accordance with the U.S. Internal Revenue Code." The Internal Revenue Code requires that, in order to obtain the tax-deferral benefit, contributions "shall remain (until made available to the participant or other beneficiary) solely the property and rights of the employer . . . subject only to the claims of the employer's general creditors." 26 U.S.C. § 457(b)(6). Therefore, all compensation deferred under an authorized plan is solely the property of the employer until the funds are distributed to the participant at a later time. The participating employee agrees to

a reduction of wages in an amount equal to the contribution specified. The city then invests the amount of the reduction, which is the city's property, and agrees to make plan payments to the employee in the future. If we were to construe deferred compensation contributions as "wages," which would be the employees' property, then the employees could lose the Federal tax benefit for which the deferred compensation statute was created.

The plaintiffs propose two objections to the notion that the contributions are the city's property. First, they maintain that the concept of property is one of a "bundle of rights," with the city possessing some rights while the employees possess others, each the "owner" of the monies in some sense. The Federal statutory language belies this argument, however, requiring that the contributions remain "*solely* the property and rights of the employer" (emphasis added). 26 U.S.C. § 457(b)(6). Second, the plaintiffs argue that the Federal provision requiring that contributions be the property of the employer creates a legal fiction that should be ignored. This argument, too, is unpersuasive. "We interpret statutes so as to avoid rendering any part of the legislation meaningless." *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't, ante* 136, 140 (2001). As the Superior Court judge more pointedly wrote, "Nothing in the federal statute suggests that the statutory pre-requisite for a valid plan is an empty requirement designed to lack all meaning."

In accordance with the purposes of the relevant statutes, see *Champagne* v. *Champagne, supra,* we hold that deferred compensation contributions are not "wages" under the weekly wage law.

*Judgment affirmed.*