Agostini, J.

INTRODUCTION

On April 17, 2001, David Gordon (“Gordon”) brought suit against the defendants Millivision Holdings, LLC and G. Richard Huguenin alleging a failure to pay wages in violation of the Wage Act, G.L.c. 149, Sec. 149. The defendants now move for summary judgment pursuant to Mass.R.Civ.P. 56, asserting that the plaintiff released, in writing, his present claim and that this action is untimely. For the reasons set forth below, the defendants’ motion for summary judgment is ALLOWED.

BACKGROUND

In 1996, the plaintiff was hired by Millivision Holdings, LLC, a Massachusetts limited liability company, as a design engineer. Millivision specialized in developing technology for use in non-invasive contraband detection devices, to be used in airports or other locations where security was important. Huguenin was president and an owner of Millivision. As a fledgling enterprise, reliable funding was difficult and the business was unable to fully meet payroll for all of its employees.
During 1998 and 1999, the plaintiff and other employees of Millivision, including Huguenin, were not paid a portion of their salary and benefits. Management explained to the employees the financial problems faced by the company and expressed hope and optimism that payment would be forthcoming. Huguenin repeatedly told the employees that he would lose his home and yacht if payment of wages was demanded; and out of concern for the viability of the company and Huguenin’s property, the plaintiff agreed to forgo salary from time to time and continued to work without full pay.
In January 2000, Gordon, as well as most of the other employees, was informed that Millivision was unable to pay him and he left the employment to work for another company. At this point he was owed approximately $30,000 in deferred and unpaid wages and benefits. He kept his ties to the company open by doing some consulting work until he rejoined the company in August 2000. In August 2001, the plaintiff was again laid-off.
In December 2001, a new investor group formed Millivision, Inc. This new company acquired the assets of Millivision LLC, was successful in securing financing, and continued to develop this security technology. The plaintiff was hired by Millivision, Inc. in December 2001.
Due to the success of the new company,[1] the plaintiff was offered regular, full-time employment by Millivision, Inc. on March 29, 2002. Gordon accepted this written offer on April 19, 2002. The employment *62 agreement provided that the plaintiff would receive a salary increase of $ 17,000, as well as stock options for 33,000 shares of Millivision. The purpose of the stock options was to compensate the former employees of Millivision, LLC who were hired by Millivision, Inc. for the wages owed to them.[2] The plaintiff was also entitled to 7000 shares of stock under an incentive Stock Option Agreement. Gordon, confident in this new enterprise, purchased $20,000 worth of common stock in Millivision, Inc. with his own funds.[3]
However, there was a proviso with this employment offer. The plaintiff must agree “to release any claims for compensation that he had against Millivision, Inc. and its members, officers, employees, or agents.” Gordon clearly understood that this release of Millivision, LLC for past wages was a precondition to being hired by Millivision, Inc. He agreed to this condition and signed the employment agreement on April 19, 2002. The plaintiffs employment at Millivision, Inc. terminated in April 2003.

DISCUSSION

Summary judgment is appropriate when the material facts are undisputed and the moving party is entitled to judgment as a matter of law. Mass.RCiv.P. 56(c); Community Nat Bank v. Dawes, 369 Mass. 550, 553-56 (1976). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). If the opposing party fails to respond by offering admissible evidence establishing the existence of a genuine factual dispute, or if the parties agree that only a question of law is involved, the case is properly resolved on summary judgment. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Summary judgment may be rendered against the moving party when appropriate. Mass.RCiv.P. 56(c).
The defendants assert that the release precludes the plaintiff from proceeding with this claim for unpaid wages. The release language is clear and unambiguous. There is no dispute that the plaintiff was aware of the release language and understood that his agreeing to the release was a pre-condition to his employment. Furthermore, the plaintiff does not allege fraud or duress in signing the agreement. Instead, the plaintiff vaguely argues that the Wage Act forbids releases of such a wage claim and advises the court that, “(t]he duty to pay past wages is absolute.” The plaintiff cites the case of Dobin v. Cioview Corporation, 16 Mass. L. Rptr. 785 (2003), for support.
Initially, it should be noted that such broad exculpatory clauses, or releases, are routinely enforced. “Whether such contracts be called releases, covenants not to sue, or indemnification agreements, they represent a practice our courts have long found acceptable.” Sharon v City of Newton 437 Mass. 99, 105 (2002). While any doubts about the interpretation of a release must be resolved in the favor of the plaintiff, an unambiguous and comprehensive release will be enforced as drafted, save only for fraud or duress. Cormier v. Central Massachusetts Chapter of the National Safety Council, 416 Mass. 286, 288 (1993). This is an unambiguous and comprehensive release.
The plaintiff is not helped by the decision of Justice Ralph Gants in the Dobin v. Cioview Corporation case.[4] In Dobin, the court held that a wage deferral agreement was void as being contrary to the specific language of the Wage Act. The Act states “No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty.” This court agrees with Justice Gants that such a waiver is unlawful; however, a waiver is very different from a release. The law prohibits a waiver of the employee’s rights under the Wage Act; it does not prohibit releasing those rights after the claim has been established. In other words, there is no proscription in the statute to releasing an acknowledged wage claim, particularly when it is to the benefit of the employee. In fact, in order to resolve the claim short of trial a release would be necessary.
This was a negotiated agreement to release a wage claim for both present and future compensation. Gordon recognized that the benefits under the employment agreement may be far greater than his wage claim. He also recognized that such benefits may be less, depending on the length of his employment and the value of his stock option. He voluntarily decided to exchange his claim for valid and thoughtful reasons. His attempt to void the release is without merit.[5]
Although not raised in his memorandum, the plaintiff asserts in his affidavit that a certain employee of Millivision, Inc. advised him that the release language did not have any legal effect. Specifically, it is asserted that CEO Alholm stated to Gordon, “not to worry about it, it doesn’t have legal standing.” Such an assertion is of no consequent. First, this evidence is in violation of the parol evidence rule. See White Constr. Co. v. Commonwealth 11 Mass.App.Ct. 640, 644 (1981). Second, “Gordon was not induced to sign the agreement because of Alholm’s comment because he never believed the release was valid. Third, such a comment is not a misrepresentation as ”[a] statement on which liability for misrepresentation may be based must be one of fact, not of expectation, estimate, opinion, or judgment." Zimmerman v. Kent 31 Mass.App.Ct. 72, 79 (1991). This is not a factual statement. Finally, on the record before this court, any comments by Alholm, as CEO of Millivision, Inc. cannot be imputed to the defendants. The release applies with full force and the defendant’s motion for summary judgment is ALLOWED.
*63 The defendants assert a second basis for summary judgment. The plaintiff did not file his complaint in this case until September 2003 for wages that were not paid to him in 1998 and 1999. The Wage Act requires that any such claim be filed within three years of the violation. The defendants further assert that such a limitation is in the nature of a statute of repose and the plaintiffs action is well beyond the three-year limit. Gordon counters by arguing that the statutory language is a statute of limitation and, as such, can be tolled under a theory of equitable estoppel.
Although there seem to be no case directly on point, I am persuaded that the language represents a statute of repose. This is not a negligence or tort action in which the harm or breach may be difficult to discovery. McGuirmess v. Cotter, 412 Mass. 617, 622 (1992). This is a commercial dispute and such claim are, seldom if ever, inherently unknowable. See Nissan Motor Corp. In. U.S.A. v. Comm’ r of Revenue, 407 Mass. 153, 157 (1990); Pobieglo v. Monsanto Company, 402 Mass. 112, 116 (1988); Greeley v. Zoning Board of Appeals of Framingham, 359 Mass. 549, 552 (1966). Consequently, it would make little sense to have this expiration period modified by discovery or principles of estoppel. When an employee is not paid, he or she knows it immediately and has three years from that date to seek relief. Given that this is a statute of repose, the plaintiff did not timely file his claim.
Even if this is considered a statute of limitation, the plaintiffs action is untimely. The argument that the period is tolled by equitable estoppel is predicated on proof that the defendants made representations that they knew or should have known would induce the plaintiff to not file his claim. Assuming this is established, the estoppel only extends so far as is “necessary to give [plaintiff] a fair opportunity to commence litigation.” Gallant v. Federal Mutual Ins. Co., 354 Mass. 146, 151 (1968). However, the plaintiff waited an additional 10 months to file such a claim. Such conduct precludes equitable estoppel.

ORDER

For the above reasons, it is hereby ORDERED that defendants’ motion for summary judgment is ALLOWED.

The events of 9/11 illustrated the needs for such technology.

Apparently, Millivision, Inc. agreed to be responsible for the amounts owed to some of the former employees of Millivision, LLC.

Ahis confidence was not misplaced as the stock was offered to the employees at $1.40 per share and five months later, some of the stock sold at $6.00 per share.

The plaintiff also cites Marram v. Kobrick Offshore Fund, LTD., 442 Mass. 43 (2004), and Newton v. Commissioner of the Department of Youth Services, 62 Mass.App.Ct. 343 (2004), as additional support. However, these cases only reiterate that the Wage Act created non-waivable rights, at least for a non-written waiver. The cases do not equate a waiver with a release.

If you accept the plaintiffs reasoning that the law prohibits a release of a wage claim, such a claim could never be settled short of trial and judgment.