Josephson, Bertha D., J.
INTRODUCTION
The plaintiff filed this action against the defendants seeking to recover unpaid wages. This matter is before the court on the Motion of the Defendants, Patient EDU, LLC and Steven Graziano, to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, the motion is ALLOWED.
BACKGROUND
The following facts, taken from the complaint, are assumed to be true for purposes of this motion. Defendant Patient EDU, LLC (“Patient”) is a Massachusetts limited liability company with a principal place of business in Springfield. Defendant Steven Graziano (“Graziano”) is the President and manager of Patient. Defendant Michael Schulman (“Schulman”) is also a manager of Patient. On December 12, 2008, Patient and plaintiff Peter Cook (“Cook”) entered into a written employment contract whereby Cook was to serve as Patient’s Director of Business Development and Strategic Partner Development. The contract established a start date of January 5, 2009 and stated that Cook would receive a guaranteed income annualized at $100,000, including a base salary of $70,000 and a guaranteed draw of $30,000. The contract also stated that Cook would be reimbursed for business expenses and car travel expenses at 38 cents per mile to be reviewed at the end of six months.
Cook provided services to Patient under the terms of the contract from January 5, 2009 through May 21, 2010, when he voluntarily resigned. Cook received no salary or draw from Patient for the first six months of work. Thereafter, he received salary checks only sporadically. Patient owes Cook $61,538.56 in wages and $6,879.36 in business and travel expenses. On July 23, 2010, Cook filed a Non-Payment of Wage and Workplace Complaint with the Fair Labor Division of the Attorney General’s Office. On August 30,2010, the Attorney General issued a letter authorizing Cook to pursue his wage claim through a civil lawsuit.
Cook filed this action on September 10, 2010. Count I of the complaint alleges violation of G.L.c. 149, §148 against Patient, Graziano, and Schulman. Count II alleges breach of contract against Patient. Finally, Count III seeks to recover from Patient $300,000 Cook loaned to the company.
*493 DISCUSSION
When evaluating the legal sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court accepts as true all of the factual allegations of the complaint and draws all reasonable inferences from the complaint in favor of the plaintiff. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Berish v. Bornstein, 437 Mass. 252, 267 (2002). However, the court need not accept as true legal conclusions cast in the form of a factual allegation. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Iannacchino v. Ford Motor Co., 451 Mass. at 636. Dismissal under Rule 12(b)(6) is proper where a reading of the complaint establishes beyond doubt that the facts alleged do not add up to a cause of action which the law recognizes, such that the plaintiffs claim is legally insufficient. Nguyen v. William Joiner Center for the Study of War and Social Consequences, 450 Mass. 291, 294 (2007); Pontremoli v. Spaulding Rehabilitation Hosp., 51 Mass.App.Ct. 622, 624 (2001).
Graziano contends that Count I fails to state a claim upon which relief can be granted because as a matter of law, he and Schulman cannot be personally liable under G.L.c. 149, §148, the Massachusetts Weekly Payment of Wages Act (“the Act”). The Act provides in relevant part:
(e)veiy person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week . . .
G.L.c. 149, §148. The Act allows an employee to recover treble damages, attorneys fees, and costs in addition to unpaid wages. See G.L.c. 149, § 150. At this juncture, the defendants do not argue that Patient is not subject to these provisions as a person having employees in its service. See G.L.c. 156C, §63 (a) (any reference to “person” in General Laws which includes partnership shall be deemed to include limited liability company).
The Act further provides, “The president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this Section.” G.L.c. 149, §148. Thus, under the plain language of the Act, corporate individuals maybe held liable. Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 711 (2005). Nonetheless, Graziano and Schulman contend that as a matter of law, they cannot be personally liable because an LLC is not a “corporation” within the meaning of the Act.
Statutory interpretation is a question of law for the Court. Boston Police Patrolmen’s Ass’n, Inc. v. City of Boston, 435 Mass. 718, 719-20 (2002); Commonwealth v. Cintolo, 415 Mass. 358, 359 (1993). The court must interpret the language of a statute according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, the mischief or imperfection to be remedied, and the main object to be accomplished. Boston Police Patrolmen’s Ass'n, Inc. v. City of Boston, 435 Mass. at 720. In interpreting the Act, the court must assume that the Legislature has adopted the common meaning of the terms used and not otherwise defined. Wiedmann v. The Bradford Group, Inc., 444 Mass. at 711. The Massachusetts Business Corporation Law defines the term “corporation” as “a corporation for profit, which is not a foreign corporation, incorporated under or subject to this chapter.” G.L.c. 156D, §1.40(a). In contrast, under the Massachusetts Limited Liabibity Company Act, an LLC is defined as an unincorporated organization founded under [Chapter 156C] and having 1 or more members." G.L.c. 156C, §2(5). Corporations and LLCs are statutorily defined and commonly understood as two distinct forms of business organization. Thus, a limited liability company is not a “corporation” as that word is used in the General Laws. See In the Matter of the Valuation of MCI WorldCom Network Services, Inc., 454 Mass. 635, 648 (2009) (limited liability company not eligible for tax exemption provided to incorporated utility companies); CFM Buckley/North, LLC v. Board of Assessors of Greenfield, 453 Mass. 404, 407 (2009) (limited liability company not eligible for tax exemption provided to “charitable organization,” defined as “a literary, benevolent, charitable or scientific institution incorporated in the Commonwealth”).
Notably, the Business Corporation Law defines the term “entity” in part as “a corporation and a foreign corporation; a profit and a nonprofit unincorporated association; a limited liability company; a business trust; an estate; a partnership; a limited liability partnership . . .” G.L.c. 156D, §1.40(a). If the Legislature intended to impose liability under the Act on individual managers and officers of business organizations other than corporations, it could have used the term “entity,” which would have encompassed LLCs, or some other broad term. Cf. 455 CodeMass.Regs. §2.01 (defining, for purposes of Minimum Fair Wages Act, Chapter 151, “employer” as “an individual, corporation, partnership or other entity, including any agent thereof, that engages the services of an employee or employees for wages, remuneration or other compensation”); Stewart v. Sterling Technology Solutions, LLC, 2010 U.S. Dist. LEXIS 119056 at *4 (M.D.Fla. 2010) (holding that manager of LLC could be liable for unpaid wages under Federal Labor Standards Act, 29 U.S.C. *494 §203, which broadly defines “employer” as “any person acting directly or indirectly in the interest of an employer in relation to an employee . . .” and defines “person” as “individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons"). Instead, the Legislature used the term “corporation,” which is unambiguous and has a commonly understood specific statutory definition. See Prozinski v Northeast Real Estate Services, LLC, 59 Mass.App.Ct. 599, 605 (2003) (noting that narrow construction has been afforded the Act).[2]
Cook contends that such a restrictive interpretation contravenes the purpose of the Act, which is to prevent the unreasonable detention of wages and to ensure that employees receive prompt payment. See Wiedmann v. The Bradford Group, Inc., 444 Mass. at 703; Boston Police Patrolmen’s v. City of Boston, 435 Mass. at 720. He makes a strong argument that public policy is not served by imposing individual liability for wage violations on officers and managers of corporations, but not officers and managers of LLCs. Cf. Middlesex Retirement System, LLC v. Board of Assessors of Billerica, 453 Mass. 495, 504 (2009) (opining that there is no reason why common-law doctrine of corporate disregard should not be applied to LLC). Nonetheless, where a statute is unambiguous, the court cannot insert therein a provision which the Legislature did not include, even if injustice or hardship results. Massachusetts Insurers Insolvency Fund v. Smith, 458 Mass. 561, 567 (2010). Where the language of a statute is plain and clear, the court’s sole function is to enforce it according to its terms. D’Avella v. McGonigle, 429 Mass. 820, 822-23 (1999). It is possible that the Legislature’s failure to include individual officers and managers of LLCs in the definition of employer is an unfortunate oversight.[3] However, it is the task of that body, and not the Court, to remedy the unfairness of which Cook complains by effectuating the necessary changes to the Act. Cf. Prozinski v Northeast Real Estate Services, LLC, 59 Mass.App.Ct. at 605 (argument that term “wages” in §148 should be construed broadly to include severance pay is properly addressed to Legislature).
Graziano as President/manager and Schulman as manager of Patient EDU, LLC are not “officers or agents having the management of [a] corporation” within the meaning of the Act and thus cannot be individually liable as employers for unpaid wages and other damages. Accordingly, Count I of Cook’s complaint fails to state a claim for violation of G.L.c. 149, §148 against Graziano and Schulman.
CONCLUSION
For the reasons stated above, the Motion of the Defendants, Patient EDU, LLC and Steven Graziano, to Dismiss the claims against Graziano and Michael Schulman is ALLOWED.

Cook cites cases under the Act in which the named defendants include both LLCs and individual owners or managers of LLCs. However, these cases hold no persuasive value because they neither raise nor resolve the issue of whether an LLC is included in the §148 term “corporation." See, e.g., Smith v. Winter Place, LLC, 447 Mass. 363 (2006) (addressing whether employer is prohibited from retaliating against employees for making internal allegation of wage violations); Suominen v. Goodman Indus. Equities Mgmt. Group, LLC, 78 Mass.App.Ct. 723 (2011) (concluding that judge properly dismissed Wage Act claim because “promoted interest” in real estate is not a commission recoverable under Act); Gordon v. Millivision Holdings, LLC, 2005 Mass.Super LEXIS 92 (Jan. 18, 2005) (Agostini, J.) [19 Mass. L. Rptr. 61] (addressing validity of employee’s release of wage claim).

It is worth noting that the provision of the Act at issue was enacted in 1936, see St. 1936, c. 160, while the Limited Liability Company Act, Chapter 156C, was not enacted until 1995. See 1995, c. 281, §18. The Act has been amended four times since 1995 without any change to the provision at issue