McIntyre, Francesa., J.
INTRODUCTION
The plaintiff Stephen Keefe initiated this action after he was terminated from his job with the defendant, Enterprise Associates, LLC. He brings suit against Steven Sands and Mark Ramsdell, they are *395 alleged to be the President, “SOC,” and Resident Agent of the LLC. Keefe claims not to have been paid commissions and compensation earned. Thus, plaintiff seeks to hold Ramsdell and Martin liable individually under the Wage Act.
Steven Sands and Mark Ramsdell bring a motion to dismiss under Mass.R.Civ.P. Rule 12(b)(6) for failure to state a claim. For the following reasons, Ramsdell and Martin’s Motion to Dismiss is DENIED as to Counts I and II.
BACKGROUND
In September 2006, Keefe began working for the defendant, Credit Control Services, Inc. (“CCS”). As a condition of his employment with CCS, Keefe signed a “Restrictive Agreement” that, among other things, prohibited him from soliciting CCS employees to leave the company for any reason. On January 1, 2008, CCS and its affiliated companies reorganized and separated their functions among separate operating companies including Enterprise. Keefe began working for Enterprise as an Inside Sales Manager on January 1, 2008. Enterprise is a limited liabilily corporation.
In August 2010, Keefe filed an internal ethics complaint with Enterprise, alleging that Enterprise failed to pay him his earned wages. He also alleged that he learned of a “kickback” scheme between Enterprise and Wachovia Bank that adversely affected the ability of Enterprise employees to receive commissions. Keefe was terminated in August 2010; he alleges he was fired in violation of the Massachusetts Wage Act and other common-law claims.
On November 30, 2010, Keefe filed a complaint for the non-payment of wages with the Office of the Attorney General, pursuant to the Massachusetts Wage Act, G.L.c. 149, §148. On December 16, 2010, Keefe received authorization from the Office of the Attorney General to bring this action.
Thus, before the court are alleged violations of the Massachusetts Weekly Payment of Wages statute and its anti-retaliation provision under M.G.L.c. 149, §§148, 148A. The individual defendants argue that Keefe’s claim must fail as a matter of law because, under the Wage Act, no individual liability can accrue against officers of a LLC.
DISCUSSION
When evaluating the legal sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court accepts as true all of the factual allegations of the complaint, and draws all reasonable inferences from the complaint in favor of the plaintiff. See Nader v. Citron, 372 Mass. 96, 98 (1977), abrogated on other grounds by Iannacchino v. Ford Motor Co., 451 Mass. 623 (2008). To survive a motion to dismiss, a complaint must set forth the basis for the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino, 451 Mass. at 636, quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Id. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief . . .’’Id., quoting Bell Atl. Corp., 550 U.S. at 557.
The statute reads “(e)veiy person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him ... No person shall by a special contract or by any other means exempt himself from this section or from section one hundred and fifty.” M.G.L.c. 149, §148. (Italics supplied.) The Wage Act does not exclude any person from operation of the statute.
The defendants, as a basis of dismissal, point to language in the statute that creates a presumption in the corporate context: “. . . (t)he president and treasurer of a corporation and any officers or agents having management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section.” M.G.L.c. 149, §148 (italics supplied). Relying on a decision by another judge of this Court, they claim this language excludes them, as members of the LLC, from liabilily. Cook v. Patient EDU, LLC et al, No. HDCV2010-00819, 28 Mass. L. Rptr. 492 (May 24, 2011).
Clearly, the Legislature intended the LLC business form to be distinguished from corporate form. The Limited Liability Company Act defines a limited liability company as “an unincorporated organization formed under this chapter and having one or more members.” M.G.L.c. 156C, §2 (italics supplied). Unquestionably, the employer presumption is not applicable to principals of an LLC.[2] However, the presumption language does not exclude from liability any person who otherwise qualifies as an employer.
No argument is made by defendants that Ramsdell and Sands are not persons. A “person” is defined under the LLC Act as a “natural person . . . or . . . limited liability company.” M.G.L.c. 156C, §2. There is no statutory reason inherent in the LLC form or the Wage Act why the Wage Act cannot apply to Ramsdell and Martin, so long as either is a “person having employees in his service . . .” M.G.L.c. 149, §148. This result is consistent with the Supreme Judicial Court’s interpretation of the legislative intent of the Wage Act: “the protection of employees and their right to wages.” Camara v. Attorney General, 458 Mass. 756, 760 (2011).
It is pleaded in the Complaint that the defendants were employers of Keefe. Therefore, the ground of plaintiffs’ claim is plausibly stated, and the liability is apparent. Further, the anti-retaliation remedy under M.G.L.c. 149, §148A is available against “employers.” Unless a defendant is proven not to be an employer, *396 this court sees no legal impediment to individual liability under the Wage Act for members of an LLC.
It is certainly possible that further discovery will reveal that Keefe was not “in the service” of Ramsdell or Martin. Resolution of that question must remain for summary judgment. At this juncture, the Wage Act counts against Martin or Ramsdell are sufficient to withstand the motion to dismiss.
CONCLUSION AND ORDER
For the foregoing reasons, it is hereby ORDERED that Ramsdell and Martin’s Motion to Dismiss be DENIED.

 Keefe does not rely on this presumption, he looks to Martin and Ramsdell as natural persons.