Gordon, RobertB., J.
This is awage and hour class action lawsuit brought by car mechanics against the automobile dealerships that currently employ or formerly employed them. Plaintiffs’ claim in Count I of the First Amended Complaint (the “Complaint”) alleges that their compensation arrangement with the Defendants required them to work a substantial number of hours without pay, in violation of the Massachusetts Payment of Wages Act, G.L.c. 149, §148 (the “Wage Act”). Presented for decision is the Defendants’ Rule 12(b) (6) Motion to Dismiss for Failure to State a Claim.
FACTUAL BACKGROUND[1]
The Plaintiffs are car mechanics who were employed by the Defendants’ automobile dealerships between 2012 and 2014. Plaintiffs allege that the Defendants failed to pay them all of the wages they had earned as mechanics in their employ, in violation of the Wage Act, G.L.c. 149, §148.[2]
The Complaint alleges that Plaintiffs worked for the Defendants in accordance with an arrangement that required them to work certain hours every week without pay. More specifically, the Complaint charges that the Defendants paid Plaintiffs an hourly rate ($26.00 per hour, in the case of the named Plaintiff) for time spent working on customer vehicles. Defendants did not, however, pay their mechanics an hourly rate (or any other form of compensation) for time spent performing ancillary tasks other than the work of servicing vehicles. Thus, the hourly rate Defendants paid the Plaintiffs for time spent working on automobiles in the dealership also compensated them for time they were required to expend on related matters, such as maintaining tools, cleaning the facility, interacting with customers and colleagues, filling out paperwork, and the like. Plaintiffs received no additional compensation for these non-vehicle servicing tasks, and are thus alleged to have performed such tasks for no pay at all.
Although not recited explicitly in the Complaint, counsel for the parties agreed in their papers and at oral argument that the Plaintiffs were in all instances paid in accordance with state and federal minimum wage law. Counsel for the Plaintiffs further acknowledged that Plaintiffs at all times understood that they would not receive additional pay for any of the ancillary tasks performed outside the scope of their servicing of customer vehicles. Once again, although not pleaded with perfect clarity in the Complaint, counsel clarified at hearing that Plaintiffs understood and agreed at the outset of their employment that the stipulated hourly rate applied only to the time they expended as mechanics servicing cars. The gravamen of the claim advanced in Count I of the Complaint, therefore, is that the Defendants’ bifurcated compensation arrangement—a $26 per hour rate for time spent servicing automobiles, and no additional pay for time spent on other job tasks—inherently calls upon the Plaintiffs to work “off the clock.” Thus, it is alleged that the Defendants are requiring Plaintiffs to work hours for which they receive no compensation, in violation of Section 148 of the Wage Act.
DISCUSSION 1. STANDARD OF REVIEW
In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must “look beyond the con elusory allegations in the complaint,” Curtis v. Herb Chambers 1-95 Inc., 458 Mass. 674, 675 (2011), and determine if the nonmoving party has pleaded “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) (citation omitted). In doing so, the Court must accept as true “all facts pleaded by the nonmoving party.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002) (citation omitted). It also must accept as true “such inferences as may be drawn [from those facts] in the [nonmoving party’s] favor.” Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995).
*216 2. ANALYSIS
Originally enacted in 1789, the Massachusetts Wage Act "is intended to protect employees and their right to wages" by imposing specific payment requirements on employers in the Commonwealth. Electronic Data Sys. Corp. v. Attorney General, 454 Mass. 63, 70 (2009). The statute thus provides in pertinent part that "[elvery person having employees in his service shall pay. . . such employee the wages earned by him.. G.L.c. 149, §148 (emphasis added). Although the Wage Act itself contains no definition of "earn" for this purpose, our appellate courts have construed the term to mean to "acquire by labor, service or performance" a "reward or result," Awuah v. Coverall N. Am., Inc., 460 Mass. 484, 492 (2011), from an employer where "an employee has completed what is required of him." Plourde v. Police Dep't. of Lawrence, 85 Mass.App.Ct. 178, 182 (2014). The term "earned" has similarly been interpreted to mean that "the employee's entitlement to wages. . . derives from his performance of the work for which he was employed." Kittredge v. McNerney, 17 Mass. L. Rptr. 652, 2004 LEXIS 185, at *7 (Mass.Super.Ct. 2004) (Gants, J.).
To be "earned" under the Wage Act, therefore, means to become entitled by labor to that which an employer has promised by way of remuneration in exchange for the same. In this connection, Section 148 of the statute is designed to ensure that employers fulfill the promises they make to employees, and thereby prevent the "unreasonable detention of wages" that employees are due on account of the performance and completion of specified work. Boston Police Patrolmen's Assoc., Inc. v. Boston, 435 Mass. 718, 720 (2002). See also Mui v. Massport, Civil Action No. 14-3275 (Suffolk Super. Ct. March 30, 2015) (Gordon, J.) ("the essential purpose of the Wage Act is that an employer will pay an employee what it has promised to pay for work the employee performed").
The principles which inform what it means to "earn" a wage so stated, the Court concludes that the Complaint in Count I fails to state a viable cause of action under the Massachusetts Wage Act. It bears emphasis that this statute does not prescribe any particular method by which employees must be paid their earned wages; and it certainly does not dictate that employees in all circumstances must be separately compensated for each and every hour they work.[3] Subject to compliance with minimum wage and overtime laws that the parties agree are not in issue in this case, the Wage Act requires no more than that employees be paid on a timely basis and in accordance with the terms of their agreement with their employers.[4] In the present case, the allegations set forth in the Complaint concede that the Defendants' agreed compensation system with the Plaintiffs paid these mechanics an hourly rate for time spent servicing customer vehicles, but no additional remuneration for ancillary tasks they might be called upon to perform during the work day. This was the wage contract-the deal-to which the parties agreed, and the Complaint contains no assertion that the Defendants at any time violated it. As such, the Plaintiffs have pleaded no cognizable violation of the Wage Act.
In advocating for the claim advanced in Count I of the Complaint, Plaintiffs do not argue that the Defendants' failure to pay them an hourly rate for time spent other than servicing customer vehicles violated their contractual understanding. Instead, Plaintiffs insist that the very agreement pursuant to which they were paid inherently violated the Wage Act, because it called upon them to work certain hours without being compensated separately for such hours. The Court does not agree.
The fundamental flaw in the reasoning that underlies the Plaintiffs' Wage Act claim is the conceptual (and factual) distinction between an employer that requires an employee to work "off the clock," and an employer whose agreed compensation structure with the employee pays him on an hourly basis for only certain tasks but no additional compensation for others. In the former example, the requirement that the employee work off the clock-that is, perform job duties that fall within the scope of an agreed hourly rate for service, but do so without receiving the stipulated compensation therefor-is in clear derogation of the parties' contractual understanding. The parties agreed that the employee would be paid a straight hourly rate for all work performed; and, by "turning off the clock" and forcing the employee to perform certain work without pay, the employer is violating the "deal." This failure to pay promised wages to an employee who, by carrying out his assigned work, had "earned" them (see supra) is the very essence of aWage Act violation, a proposition the Defendants forthrightly concede. (See Defendants' Reply Brief, at p.4 and n.6.) And as the Plaintiffs rightly point out, an employee's post-hoc acquiescence in such a practice would offend the statute's prohibition on "special contracts" designed to circumvent compliance with the Wage Act. See Depianti v. Jan-Pro Franchising Int'l, Inc., 465 Mass. 607, 622 (2013).
By contrast, an employer and employee who agree at the outset of their contract that the employee will be paid at an hourly rate for selected tasks, but not for all work, are plainly not violating the Wage Act when the employee is paid in accordance with this agreed understanding. To the contrary, an employer who pays an employee as he has agreed to be compensated-provided (as here) that it complies with all applicable minimum wage and overtime laws-has fulfilled the core aspiration of this statute. See supra. This is the factual paradigm presented in the case at bar.
Although the Complaint as pleaded is not crystal-clear on this point, Plaintiffs' Opposition reflects (and their counsel conceded at oral argument) that the *217 compensation arrangement at issue in the present case expressly contemplated that mechanics would not be paid an hourly rate for tasks not associated with actual work on customer vehicles. These tasks were understood by the Plaintiffs to be ancillary to vehicle servicing, and would thus fall outside the hourly rate of pay due them for such work. It is true that the Plaintiffs received no additional pay (hourly or otherwise) for non-vehicular tasks; but this was an understood feature of the bargained compensation structure. For this reason, the Plaintiffs are not working “off the clock” or “without pay” when they carried out such duties.[5]
Once again, all parties agree that, had employer and employee agreed that an hourly rate would be paid for ail work performed by the mechanics (regardless of its nature or substance), then the employer’s refusal to pay for any portion of such work would violate the Wage Act. That, however, is not what the Complaint alleges. That the Plaintiffs have not brought a claim under the Minimum Wage Act, G.L.c. 151, §1, reinforces the fact that they understood that their employment agreement(s) with the Defendants did not promise them a straight hourly rate for all hours worked. Had this been the agreed arrangement, the Defendants’ refusal to pay Plaintiffs anything for work other than time spent on the actual servicing of vehicles would violate both the Minimum Wage statute and the Wage Act. The Defendants have acknowledged this in their Rule 12 filings, but the Plaintiffs have made no effort to secure their Wage Act claim against dismissal on such a factual premise. It evidently was not the deal,[6] a fact fatal to their claim under Section 148 of the statute.
Plaintiffs’ related contention that the Defendants’ compensation system constitutes an unlawful “special contract” by which they seek to “exempt” their mechanics from the requirements of the Wage Act suffers a similar circularity that offends the logic of the law. It is, of course, true that a private contract between employer and employee to pay less than minimum wage, withhold due overtime, deduct property damage from paychecks, or disburse wages less frequently than required by law would be entitled to no effect, and would certainly not estop the employee from enforcing such laws. See, e.g., Camara v. Attorney General, 458 Mass. 756 (2011). But as set forth ante, the essential feature of Section 148 of the Wage Act at issue in this case is the legal mandate that employers honor the promises they have made to employees by paying them the agreed compensation they have “earned” for their work. Fulfilling the parties’ contractual understanding cannot logically be considered a circumvention of the Wage Act’s requirement that employees be paid the wages they have earned. See Crocker v. Townsend Oil Co., 464 Mass. 1, 13 (2012) (“special contract” provision of Section 148 “generally prohibit(s) an employer from deducting, or withholding payment of, any earned wages [and] cannot be overcome by an employee’s assent”) (emphasis added).
Plaintiffs’ final argument is that, regardless of the parties’ shared contractual understanding, the Wage Act prohibits an employer from paying employees by the hour for any of their work unless such employer commits to pay them by the hour for all of their work. In other words, Plaintiffs posit, the fact of paying an employee by the hour for any portion of the employee’s labor necessarily converts that employee to an “hourly worker,” perforce entitled to compensation so computed for each and every hour he works. Although this construction of the Wage Act would surely render the Defendants’ alleged compensation scheme unlawful, the Court is unable to find any text in the statute that actually provides a basis for such a reading of the law. Counsel for the Plaintiffs forthrightly acknowledged at oral argument that no language in the Wage Act prohibits employers from paying workers by the hour for some but not all job hours, and further conceded that no reported decision of any court has ever so held. In these circumstances, the Court declines to read into the statute a dictate that the Legislature did not provide for in terms. Beeler v. Downey, 387 Mass. 609, 617 (1982).
In sum, the putative Wage Act violation set forth in Count I of the Complaint fails to state a claim upon which relief can be granted. The Plaintiffs were paid in accordance with their agreed compensation arrangement with the Defendants, a fulfillment of the central requirement of Section 148 of the Wage Act. Plaintiffs’ insistence that employees who are paid by the hour for some of their work must necessarily be paid at such a rate for all of their work misapprehends Massachusetts law.
CONCLUSION AND ORDER
For the foregoing reasons, Defendants’ Motion to Dismiss Count I of the Complaint shall be ALLOWED.

 The Court accepts the well-pleaded allegations of the Complaint as true strictly for the purpose of testing their legal sufficiency under Mass.R.Civ.P. 12(b). See Okerman v. VA Software Corp., 69 Mass.App.Ct. 771, 774 (2007). The Court acknowledges that the Defendants dispute and will contest a number of the factual premises upon which Plaintiffs rest their claims.

 Claims for violation of the Massachusetts minimum wage and overtime laws, see G.L.c. 151, previously asserted in the Plaintiffs’ original Complaint, have either been dismissed or voluntarily withdrawn, and are no longer in issue in the case.

 Numerous legally permissible compensation systems do not involve paying employees a specified hourly rate for each and every clocked hour worked. For example, employees may be paid on a commission or piece rate basis that corresponds to a defined job, receiving compensation for the work they perform in connection with its particular accomplishment but no additional pay for ancillary tasks that may be associated with that job. See 454 CMR §27.02. So long as the employee receives the minimum wage required by G.L.c. 151, §1 and overtime pay at the properly computed regular rate as and to the extent applicable, see G.L.c. 151, §1A, the arrangement is fully compliant with the Wage Act. What the Plaintiffs *218 describe in the Complaint could alternately be characterized as a piece rate system or a variable commission structure. Mechanics receive a percentage of the fees charged to a customer (or a piece rate) for their work on the vehicles; but, since every servicing job is different in scope and complexity, the commission is expressed as an hourly rate for each servicing. As in a commission system, the Defendants’ mechanics are responsible for carrying out all of their ancillary tasks (viz., tool maintenance, cleaning, paperwork, donning and doffing uniforms, etc.), and receive no additional pay for them.

 Plaintiffs effectively acknowledge this core construct of the statute when they assert in their Opposition that “[t]he pay that employees earn under the Wage Act is determined by reference to the wage rate established between the parties.” (Plaintiffs' Opposition, at p. 7.) See also Plaintiffs' Opposition, at p. 10 (“Defendants must be held to the deal they made”).

 In effect, compensation for these tasks was included within the hourly rate for vehicle work; and, as the parties have stipulated, the "regular rate” for all clocked hours never fell below the applicable minimum wage.

 The case at bar is thus readily distinguished from the cases relied upon by the Plaintiffs for the proposition that “a compensation system that pays employees an hourly rate for some hours and zero for other hours violates the Wage Act.” (Plaintiffs’ Opposition, at pp. 4-5) (citing Norceide v. Cambridge Health Alliance, 814 F.Sup.2d 17 (D.Mass. 2011); Mogilevsky v. Bally Total Fitness Corp., 263 F.Sup.2d 169 (D.Mass. 2003); and Huston v. FLS Language Ctrs., 18 F.Sup.3d 17 (D.Mass. 2014)). In each of these cases, employees were paid on a straight hourly basis for all of their hours worked. That was not the agreed bargain in the present case.