The plaintiffs, Philip Hahnfeldt and Clare Lamont, appeal from the judgment dismissing their amended complaint for violations of the Wage Act under G. L. c. 149, §§ 148 and 150. We affirm.
Background. The plaintiffs started as employees of Steward Health Care System LLC (Steward). Steward created a subsidiary named Steward Research & Specialty Projects Corporation (SRSPC) and transferred the plaintiffs to SRSPC but continued to employ them. Steward then spun off SRSPC, resigned as the sole member of SRSPC, and renamed it Genesys Research Institute, Inc. (GRI). Steward deemed the plaintiffs employees of the independent GRI at this time. The defendants, Charles J. Newman, David A. Horowitz, and Boris Epshsteyn, were GRI's controlling members.
As employees of GRI, the plaintiffs continued to accrue vacation and sick time at a "substantially similar" rate as they had at Steward. At a benefits meeting on February 6, 2014, GRI committed to paying its employees all of their accrued sick time upon their separations from employment. On September 11, 2014, in identical letters sent to the plaintiffs in contemplation of their upcoming layoffs, Horowitz affirmed the payout of sick time. The letter stated that "[t]he dollar amount representing your accrued but unused vacation leave will be included as part of the paycheck issued September 30th. Although GRI has not issued a policy guaranteeing the payout of any sick leave, we are also including that dollar amount as part of your final paycheck."
However, by electronic mail dated September 30, 2014,[4] GRI's vice president of operations clarified GRI's payout policy, explaining that it would follow the previous policy under Steward, where the payout for sick time upon the employees' separation was capped at eighty hours.
Upon their termination, the plaintiffs received full payment of all accrued vacation time owed to them. They received partial payment for their accumulated, but unused, sick time pursuant to the Steward policy.
Having not been paid out their full amount of accrued, unused sick time, the plaintiffs commenced this action, seeking to hold the defendants personally liable for their unpaid "wages" as well as for treble damages pursuant to G. L. c. 149, §§ 148 and 150. Following a hearing, a judge allowed the defendants' motion to dismiss, concluding that the Wage Act does not apply to sick pay. The same judge denied the plaintiffs' postjudgment motion. This timely appeal from the judgment followed.
Discussion. 1. Standard of review. Our review on appeal of the ruling on a motion to dismiss is de novo, "accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." Edwards v. Commonwealth, 477 Mass. 254, 260 (2017). To survive a motion to dismiss, the plaintiff must present factual allegations that rise above speculation and plausibly suggest an entitlement to relief. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). See also Flagg v. AliMed, Inc., 466 Mass. 23, 26 (2013).
2. Analysis. The plaintiffs argue that the defendants adopted a binding policy of paying their departing employees all unused sick time, and that their failure to honor this policy constitutes a violation of the Wage Act, G. L. c. 149, §§ 148, 150. We disagree.
Historically, our courts have construed the Wage Act narrowly, see Prozinski v. Northeast Real Estate Servs., LLC, 59 Mass. App. Ct. 599, 603 (2003), and the Supreme Judicial Court (SJC) has recently held that "payment for accrued, unused sick time (sick pay) does not count as 'wages' under the act." Mui v. Massachusetts Port Auth., 478 Mass. 710, 710 (2018). This is true even where an employer adopts a policy allowing employees to collect unused sick time upon their departure. See id. at 711 (explaining employer's policy of paying eligible employees percentage of value of their unused sick time upon separation).
The plaintiffs' attempt to distinguish Mui is without merit. The plaintiffs argue that because GRI's policy was not contingent upon any conditions, as the one in Mui was, the holding in Mui does not apply here. However, the SJC did not hold in Mui that an employer's sick time policy has to be conditional in order to be excluded as a wage. Although the SJC addressed such conditions because they were relevant to the facts presented, we do not read the holding in Mui to turn on this factor. See Mui, supra at 713. Rather, the Mui holding is based on a statutory interpretation of the Wage Act, and is consistent with Massachusetts case law refusing to recognize compensation not expressly mentioned in the statute as wages. See, e.g., Weems v. Citigroup, Inc., 453 Mass. 147, 153-156 (2009) (bonus stock options); Boston Police Patrolmen's Ass'n, Inc. v. Boston, 435 Mass. 718, 719-721 (2002) (deferred compensation contributions); Prozinski, 59 Mass. App. Ct. at 603-605 (severance pay).
Lastly, Mui disposes of the plaintiffs' comparison of their sick pay to vacation pay. Although both are accrued over time, vacation pay due under an agreement is specifically included in the definition of wages pursuant to G. L. c. 149, § 148. See Electronic Data Sys. Corp. v. Attorney Gen., 454 Mass. 63, 69 (2009) (interpreting vacation time under Wage Act and explaining that when "an employee is entitled to paid vacation under the terms of an employment agreement, the entitlement is another form of compensation, and becomes 'due' day by day as the employee performs his or her duties"). Further, "sick time is to be used only when the employee or a family member is ill ... [and] such time may be considered 'lost' if not used." Mui, 478 Mass. at 713. Accordingly, "[b]ecause accrued, unused sick time is not compensable under a 'use it or lose it' sick time policy, such time is clearly not a wage under the act." Id. Therefore, the plaintiffs' claims are governed by Mui and are subject to dismissal.
Judgment affirmed.

The plaintiffs were terminated on this date.