NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-942

STANLEY P. JONES

vs.

ANDREA D. RIDLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial, a judge of the Probate and Family Court entered a judgment of divorce nisi, as relevant here, dividing the parties' assets and entering an increased child support order.  On the defendant's (mother), appeal, we affirm.

Background.  The parties married in 2010 and have three minor children together.[1]  Throughout their relationship, the

_____

[1] Two of the children were born prior to the marriage. Judgments of paternity as to these children entered in 2008. The judgments provided for a parenting schedule, but not child support.

parties lived together for only six months, from November 2005 to May 2006.[2]  The relationship ended in May 2013.

On February 10, 2014, the plaintiff (father) filed a complaint for divorce.  A temporary order entered on February 17, 2015, requiring the father to pay weekly child support to the mother of $126.00.  Neither party sought to modify the temporary order throughout the proceedings.

Following a trial in 2017, the judge found the parties' prenuptial agreement invalid and unenforceable.  Following a subsequent trial, the judge entered a judgment, which provided, as relevant here, that the father pay child support to the mother in the amount of $321.00 per week, but declined to make the order retroactive.  The judge explained that she did so because the mother had not sought to modify the temporary child support order for the entire pendency of this case, despite multiple court appearances.  Additionally, the judge ordered that the parties retain all real and personal property in their individual names.  The judge found that the parties did not co-mingle their finances.  In 2005, the father purchased a three-family home (property) to which the mother made no financial

_____

[2] The father denied that the parties ever lived together, but the judge credited the mother's testimony and found they did live together temporarily.

2

contributions, with one exception. In 2013, the mother loaned the father money to help him refinance the mortgage; the judge ordered the father to repay that money to the mother.

Also, while the father was unemployed, he withdrew the funds in his State retirement account and transferred them into an individual retirement account (IRA). He then withdrew most of the funds and used them to pay for legal fees, living expenses, and maintenance on the property. The judge did not assign any of these funds to the mother. This appeal followed.

Discussion. 1. Retroactive modification of child support. The mother argues that the increase in child support should have been made retroactive because throughout the divorce proceedings information about the parties' financial circumstances was not readily available. We review child support orders for an abuse of discretion. See Department of Revenue v. C.M.J., 432 Mass. 69, 75 (2000). "[T]here is no statutory mandate that modification of support orders be given retroactive effect; the decision whether to give retroactive effect to such orders rests in the sound discretion of the judge." Boulter-Hedley v. Boulter, 429 Mass. 808, 809 (1999).

By contrast, during the pendency of a complaint for modification, a party is entitled to retroactive modification of a support order where the parties' circumstances have changed

3

materially, and the retroactive modification is in the best interests of the child. See Whelan v. Whelan, 74 Mass. App. Ct. 616, 627 (2009).

Here, the judge found that the mother "chose not to seek a child support order for the first year of litigation . . . [and] she did not seek to modify it at any point over the life of this case, despite multiple court appearances." The temporary child support was based on the father's receipt of unemployment compensation benefits. And the mother never sought to modify the temporary order once the father became reemployed.

Thus, the judge was not required to find that "retroactivity would be contrary to the child's best interests, unjust, or inappropriate." Whelan, 74 Mass. App. Ct. at 627. See D'Avella v. McGonigle, 429 Mass. 820, 822 (1999). Additionally, a judge may consider a parent's delay in seeking retroactive child support. See O'Meara v. Doherty, 53 Mass. App. Ct. 599, 606 (2002). Thus, the judge did not abuse her discretion in declining to award retroactive child support. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

2. Division of assets. The mother next argues that the judge erred in dividing the assets. "We review the judge's findings to determine whether she considered all the relevant factors under G. L. c. 208, § 34, and whether she relied on any

4

irrelevant factors."  Zaleski v. Zaleski, 469 Mass. 230, 245 (2014).  We then "determine whether the reasons for the judge's conclusions are 'apparent in [her] findings and rulings.'" Adams v. Adams, 459 Mass. 361, 371 (2011), quoting Redding v. Redding, 398 Mass. 102, 108 (1986).  "We will not reverse a judgment with respect to property division unless it is plainly wrong and excessive" (quotation and citation omitted).  Zaleski, supra.  See Rice v. Rice, 372 Mass. 398, 401 (1977) (judge has broad discretion to equitably divide marital property).

Here, the judge properly considered the statutory factors. In declining to award the mother an interest in the property, the judge found that the father purchased it five years before the marriage, without any financial contributions by the mother. The judge also found that the mother only lived in the property for six months and the parties did not co-mingle any of their finances; they had no joint bank accounts or jointly owned assets.  "The trial judge has discretion under G. L. c. 208, § 34, to decide whether an asset should be included in the marital estate based on the parties' joint efforts in acquiring that asset," and therefore it was not an abuse of discretion to award the property to the father.  Baccanti v. Morton, 434 Mass. 787, 799 (2001).

Additionally, the judge declined to award the mother any of the father's IRA because she found that there was no evidence as to the balance of the account prior to the divorce, and the majority of the funds were accrued before the marriage.  Because "the ultimate goal of G. L. c. 208, § 34," is "an equitable, rather than an equal, division of property," Williams v. Massa, 431 Mass. 619, 626 (2000), and the judge's conclusions are "apparent and flow rationally from the findings and rulings," id. at 631, we will not disturb the judgment.

Judgment affirmed.

By the Court (Blake, C.J.,
Neyman & Grant, JJ.[3]),

Clerk

Entered:  December 16, 2025.

---

[3] The panelists are listed in order of seniority.