EDWARD HYLAND *vs.* JO ANNE HYLAND. April 30, 1979. 1. The judge did not err in reducing the plaintiff's child support obligation from one hundred sixty dollars to one hundred forty dollars per week, based on the fact that one of the three children was no longer living with the defendant and required no support from her. We have considered the various factors, including the defendant's generally higher living expenses and the plaintiff's somewhat improved circumstances, upon which the defendant bases her contention that the judge should have denied altogether the reduction sought by the plaintiff and instead awarded the defendant the increase sought by her on her counter-claim, but we are unable to conclude that the judge abused his discretion. 2. The judge did not err in denying the defendant's motion for costs and counsel fees filed more than five weeks after the entry of judgment. See *Untersee* v. *Untersee*, 299 Mass. 417, 424 (1938); *Hayden* v. *Hayden*, 326 Mass. 587, 595 (1950); *Dennis* v. *Dennis*, 3 Mass. App. Ct. 361, 363 (1975).

*Judgment affirmed.*
*Daniel F. Featherston, Jr.*, for the defendant.
*Kevin F. O'Donnell* for the plaintiff.

VIRGINIA L. GRENIER & another *vs.* TOWN OF HUBBARDSTON. April 30, 1979. The judge did not err in ruling that the plaintiffs, who from 1973 to 1975 served as home-based fire department dispatchers at a rate of fifty cents per hour, were not entitled to recover from the town the difference between that rate and the various minimum wage rates which applied during the period in question under G. L. c. 151. The case falls within the rule that statutes regulating persons and corporations engaged in trade and industry are ordinarily construed not to apply to the Commonwealth or its political subdivisions unless the Legislature has expressly or by clear implication so provided. See *New Bedford* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 329 Mass. 243, 249-250 (1952); *Mrugala* v. *Boston*, 330 Mass. 707 (1953); *Hansen* v. *Commonwealth*, 344 Mass. 214, 219 (1962); *Perez* v. *Boston Housing Authy.*, 368 Mass. 333, 339 (1975), appeal dismissed sub nom. *Perez* v. *Bateman*, 423 U.S. 1009 (1975). Compare *Tax Collector of No. Reading* v. *Reading*, 366 Mass. 438, 442 (1974). See also G. L. c. 41, § 108A, enabling a municipality wishing to do so to establish a minimum wage plan.

*Judgment affirmed.*
*Edward P. Ryan, Jr.*, for the plaintiffs.
*Robert V. Deiana (Edward C. Bassett* with him) for the defendant.