# Ronald Plourde *vs.* Police Department of Lawrence.

No. 13-P-650.

Essex. January 7, 2014. - April 9, 2014.

Present: Katzmann, Fecteau, & Milkey, JJ.

*Massachusetts Wage Act. Governmental Immunity. Public Employment,* Collective bargaining, Compensatory time. *Employment. Contract,* Employment, Collective bargaining contract. *Labor,* Collective bargaining, Failure to pay wages. *Police,* Collective bargaining, Compensation, Municipality's liability. *Municipal Corporations,* Police, Governmental immunity, Special act.

In a civil action in which a former police officer asserted, among other things, a claim for unpaid compensatory time under G. L. c. 149, § 148, and G. L. c. 151 (collectively, Wage Act) against the defendant police department, a Superior Court judge erred in granting summary judgment in favor of the defendant, where it is well settled that municipalities are subject to the Wage Act [180-181], and where a special act, which set forth a procedure requiring each of the municipality's departments to work within its budgeted allocation and to provide notice to the municipality if certain expenses exceeded that allocation, could not be read to absolve the defendant's obligations under the Wage Act [181-188].

Civil action commenced in the Superior Court Department on September 26, 2011.

The case was heard by *Robert A. Cornetta,* J., on motions for summary judgment, and a motion for reconsideration was considered by him.

*Corinne Hood Greene* for the plaintiff.

*Charles D. Boddy, Jr.,* City Attorney, for the defendant.

*Harold Lichten,* for Professional Firefighters of Massachusetts, amicus curiae, submitted a brief.

Fecteau, J. The plaintiff, Ronald Plourde, a former captain of the Lawrence police department (department or defendant), appeals from the denial of his motion for summary judgment and the allowance of the department's motion for summary

judgment, by a judge in the Superior Court. The plaintiff had sued the city of Lawrence for the value of compensatory time that he had earned and accrued prior to being injured on duty in 2006. He retired due to his disability in 2010 without ever having returned to active duty. In granting the defendant's motion for summary judgment, the motion judge dismissed the plaintiff's claims for breach of contract, breach of good faith and fair dealing, and a claim under G. L. c. 149, § 148, and G. L. c. 151 (collectively, Wage Act). Following the allowance of summary judgment in favor of the defendant, the plaintiff filed a motion for reconsideration, which the judge denied, confirming his previous ruling that the plaintiff's Wage Act claim was barred by sovereign immunity and the provisions of St. 1990, c. 41 (Lawrence Act), which established financial conditions for Lawrence. Because sovereign immunity is inapplicable to this case and because the Lawrence Act cannot be read to negate the defendant's obligations under the Wage Act, we reverse.

1. *Background.* The summary judgment records contain the following undisputed facts. The plaintiff was employed by the defendant as a police officer from 1985 through 2010. The plaintiff was promoted to captain in 2002 and remained in that position until he retired in 2010. As a captain, he was a party to a collective bargaining agreement (CBA) between Lawrence and the Lawrence Police Superior Officer's Association.

During the course of his employment, and pursuant to the terms of the CBA, the plaintiff was permitted and elected to work additional shifts. The additional shifts were separate and distinct from his salaried administrative role. The CBA referred to these additional shifts as "overtime" and defined them as "work performed over and above his . . . regular tour of duty." The defendant's policies and practices, governed by the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. (2012), permit officers to elect compensatory time in lieu of wages for overtime hours. Throughout his employment, the plaintiff elected to take compensatory time for many of his overtime shifts.

In 2006, the plaintiff was injured in the workplace and was unable to work. He remained out of work on disability leave until his retirement, approved in June, 2010. At the time of his

injury, he had accrued 261.5 hours of compensatory time.[1] At the time of his retirement, the plaintiff was paid accumulated sick leave under the parties' CBA (see note 9, *infra*), but the defendant refused to pay the plaintiff his accrued compensatory time.

Consequently, in August, 2011, the plaintiff brought suit against the defendant for its failure to pay his wages, claiming a violation of the Wage Act, breach of contract, and breach of good faith and fair dealing. On September 26, 2013, the parties filed cross motions for summary judgment. The motion judge denied the plaintiff's motion for summary judgment, and granted the defendant's motion. The judge's decision stated that the Wage Act claim was dismissed based on sovereign immunity, the breach of contract claim was dismissed based on the past practices doctrine, and the breach of good faith and fair dealing claim was dismissed based on the Lawrence Act. Subsequently, the plaintiff filed a motion for reconsideration, which the judge denied, affirming his previous ruling and finding that the plaintiff's Wage Act claim was barred by sovereign immunity, and by an expanded analysis of the Lawrence Act.[2,3] The plaintiff's notice of appeal timely followed this denial.[4]

2. *Analysis.* a. *Sovereign immunity.* First, the plaintiff claims

---

[1]This is according to the department payroll clerk; the defendant contests the accuracy of this amount.

[2]According to the docket, judgment entered on February 21, 2013. The plaintiff served his "motion for reconsideration" on March 6, 2013, thirteen days later. Thus, the motion for "reconsideration" was not timely within the meaning of either Mass.R.Civ.P. 52(b), as amended, 423 Mass. 1402 (1996), or Mass.R.Civ.P. 59(e), 365 Mass. 827 (1974), both of which require such a motion to be served within ten days. Consequently, the motion must be treated as one filed under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). See *Piedra* v. *Mercy Hosp., Inc.*, 39 Mass. App. Ct. 184, 187-188 (1995).

[3]Neither the judge nor the defendant raised the nature of the "reconsideration" motion below, nor does the defendant challenge the scope of the appeal before us. Because the parties have fully briefed the merits of the judge's decision on summary judgment, the judge's decision on reconsideration appears to have widened the scope of his prior rulings in connection with his application of the Lawrence Act, and because the case presents an important question of public law, we consider the merits of the plaintiff's appeal.

[4]This notice was filed on April 5, 2013, forty-three days following entry of judgment, and was the plaintiff's only notice of appeal. Because his motion for reconsideration was untimely, it did not toll the usual thirty-day appeal period. See *Piedra, supra* at 186-187; Mass.R.A.P. 4(a), as amended, 430

the judge erred in dismissing his Wage Act claim based on the theory of sovereign immunity. We need not dwell on the question of sovereign immunity, the lead basis for the judge's decision, as it is well settled that municipalities are subject to the Wage Act, a matter of law which Lawrence does not contest. See *Dixon* v. *Malden,* 464 Mass. 446, 447 (2013) (holding Malden employee entitled to damages for Malden's violation of Wage Act). See also *Treasurer of Worcester* v. *Department of Labor & Indus.,* 327 Mass. 237, 241-242 (1951) (requiring Worcester to comply with requirements set forth in Wage Act); *Boston Police Patrolmen's Assn.* v. *Boston,* 435 Mass. 718, 720 (2002) (Boston employees can bring claim for unpaid wages under Wage Act); *Newton* v. *Commissioner of the Dept. of Youth Servs.,* 62 Mass. App. Ct. 343, 349 (2004) (holding State employees have right to timely payment of wages under Wage Act). Thus, the judge's ruling was a clear error of law.

b. *The Lawrence Act.* Second, the plaintiff claims the judge erred in dismissing his claims based on an alleged misinterpretation of the Lawrence Act. That act was meant to ensure the fiscal stability of Lawrence. To that end, the Lawrence Act sets forth a procedure requiring each of Lawrence's departments to work within its budgeted allocation and to provide notice to Lawrence if certain expenses exceed that allocation. The Lawrence Act creates five allotment periods for the fiscal year, with each period lasting either two or three months.[5] The law states that if a department "has exhausted its time period allotment and any amounts unexpended in previous periods," notice will be given to the mayor and the fiscal oversight board. St. 1990, c. 41, § 3. The mayor then has ten days to decide whether to waive the additional expenses. If the overspending is waived, the relevant department must reduce subsequent allotments. If the overspending is not waived, the relevant department has to immediately reduce personnel expenses. Lawrence and its

Mass. 1603 (1999) ("In a civil case, unless otherwise provided by statute, the notice of appeal . . . shall be filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from").

[5]The five allotment periods are as follows: "July first through September thirtieth, October first through December thirty-first, January first through the last day of February, March first through April thirtieth, and May first through June thirtieth." St. 1990, c. 41, § 3.

employees, however, maintain the right to negotiate about the method of implementing the reduction subject to a valid collective bargaining agreement. Section 3 of the Lawrence Act also states that all collective bargaining agreements entered into after its enactment are subject to its terms.

The judge and the defendant focused on § 3 of the Lawrence Act:

> "No personnel expenses earned or accrued within any department, board, commission, agency or other unit of city government shall be charged to or paid from any allotment of a subsequent period without the written approval of the mayor, except for subsequently determined retroactive compensation adjustments, or in the case of an emergency involving the health or safety of the people or their property."

The judge determined that the above language created a "use it or lose it" policy where Lawrence employees had to obtain mayoral approval to carry over accrued compensatory time from a previous allotment period. Consequently, the judge determined that the plaintiff's Wage Act claim was barred by the Lawrence Act because he never received mayoral approval to carry over his compensatory time from previous allotment periods, and therefore his compensatory time was "lost." Thus, the defendant argues that under the Lawrence Act, absent mayoral approval, "the plaintiff was entitled to nothing." This interpretation is in error.

The Wage Act requires employers to pay each "employee the wages earned by him." G. L. c. 149, § 148. That act states: "The word 'wages' shall include any holiday or vacation payments due an employee under an oral or written agreement." *Id.* "The word 'earn' is not statutorily defined, but its plain and ordinary meaning is '[t]o acquire by labor, service, or performance . . . [w]here an employee has completed [what is] required of him.' " *Awuah* v. *Coverall N. Am., Inc.,* 460 Mass. 484, 492 (2011), quoting Black's Law Dictionary 584 (9th ed. 2009). However, the defendant argues that because the Lawrence Act is incorporated into the parties' CBA, Lawrence is shielded from its obligations under the Wage Act. Such an interpretation

is in direct conflict with the terms of the Wage Act, which expressly states, "No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty." G. L. c. 149, § 148. Therefore, despite the defendant's arguments to the contrary,[6] the Lawrence Act, as interpreted by the judge and the defendant, is clearly inconsistent with the Wage Act.

Nonetheless, the defendant argues the judge was correct in dismissing the plaintiff's claim because, even if the Lawrence Act and the Wage Act are inconsistent, the Lawrence Act supersedes the Wage Act. In support of this argument the defendant cites *Pirrone* v. *Boston*, 364 Mass. 403, 413 (1973), where the Supreme Judicial Court stated, " '[O]ur well established principle of construction' that, absent a clearly expressed legislative intent to the contrary, a Special Act 'made in regard to a place, growing out of its peculiar wants, condition, and circumstances,' must prevail over a conflicting general act." However, in context, this principle is further qualified: "[A]bsent a clear legislative intent to the contrary the provisions of a special charter generally prevail over conflicting provisions of a *subsequently enacted* general law" (emphasis added). *School Comm. of Boston* v. *Boston*, 383 Mass. 693, 700 (1981). See *Dartmouth* v. *Greater New Bedford Regional Vocational Technical High Sch. Dist.*, 461 Mass. 366, 374 (2012) ("It is well established that 'the provisions of a special act generally prevail over conflicting provisions of a subsequently enacted general law, absent a clear legislative intent to the contrary' "). Here, the Lawrence Act was enacted in 1990, subsequent to the Wage Act; without some expression by the Legislature of its intention that the special act override the provisions of the Wage Act, Lawrence's reliance upon a principle of statutory construction that gives the Lawrence Act priority over the Wage Act does not apply.

Given that the motion judge's interpretation of the Lawrence Act conflicts with the Wage Act and that the Legislature cannot

---

[6]The defendant argues that the Wage Act and the Lawrence Act are consistent because the Lawrence Act made the plaintiff's compensatory time contingent and the "Supreme Court distinguished between regular wages or assured compensation, and contingent or discretionary compensation." However, in support of this contention the defendant cites no Supreme Court or Supreme Judicial Court case, and the two Federal District Court cases cited are inapposite.

be seen to have intended a repeal, the Lawrence Act cannot be read as to absolve the defendant's obligations under the Wage Act. "Our jurisprudence has not favored repeal of a statutory enactment by implication." *Dartmouth* v. *Greater New Bedford Regional Vocational Technical High Sch. Dist.*, *supra.* See, e.g., *Emerson College* v. *Boston*, 393 Mass. 303, 306-307 (1984) (Boston Zoning Code, St. 1956, c. 665, was not impliedly repealed by St. 1975, c. 808, codified at G. L. c. 40A, where both had coexisted without problems since 1976, and where zoning in Boston not intended to be governed by c. 40A); *Commonwealth* v. *Feodoroff*, 43 Mass. App. Ct. 725, 728 (1997) (St. 1968, c. 738, § 1, did not supersede and repeal G. L. c. 271, § 17B). See generally 1A N.J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 23:10 (7th ed. 2009) (discussing judicially created presumption against repeal of prior laws by implication). This presumption is overcome only when the earlier statute "is so repugnant to and inconsistent with the later enactment covering the subject matter that both cannot stand." *Doherty* v. *Commissioner of Admin.*, 349 Mass. 687, 690 (1965).

"Where the repealing effect of a statute is doubtful, the statute is strictly construed to effectuate its *consistent* operation with previous legislation." *Commonwealth* v. *Hayes*, 372 Mass. 505, 512 (1977), quoting from 1A C. Sands, Sutherland Statutory Construction § 23.10 (4th ed. 1972). "As a starting point for our analysis we assume, as we must, that the Legislature was aware of the existing statutes in enacting the above legislation, and that if possible a statute is to be interpreted in harmony with prior enactments to give rise to a consistent body of law." *Hadley* v. *Amherst*, 372 Mass. 46, 51 (1977) (citation omitted). "Additionally, where two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose." *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513-514 (1975).

"We are obliged to give ambiguous, imprecise, or faultily drafted statutes 'a reasonable construction,' with the primary goal of 'constru[ing] the statute to carry out the legislative intent.' " *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass.

App. Ct. 282, 286 (1996), quoting from *Massachusetts Commn. Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 190 (1976). Interpreting the Lawrence Act so as to nullify the Wage Act and arguably violate the FLSA is not a reasonable construction of the special act.[7] The Lawrence Act requires Lawrence to exhaust its current allotment if necessary before turning to the mayor for a waiver or to the union to negotiate about reducing subsequent allotments. In this case, there was no evidence that, at the time the plaintiff's earned wages became due, the defendant was unaware of its obligations, had exhausted its budgeted allocation, or would exceed its allotment at the time of the plaintiff's retirement by paying the plaintiff's personnel expenses.

Furthermore, we note that it is unclear whether the plaintiff's compensatory time was a personnel "expense," as intended by the special legislation, at the time it was accrued. "We interpret statutes to carry out the Legislature's intent, determined by the words of a statute interpreted according to 'the ordinary and approved usage of the language.' " *Goodridge* v. *Department of Pub. Health*, 440 Mass. 309, 319 (2003), quoting from *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934). Arguably, compensatory time becomes an "expense" in its usual meaning when an employee actually uses that time. In other words, Lawrence would only have to expend money to cover the employee in question when he or she is absent and using his or her compensa-

---

[7]We note but need not resolve whether the judge's interpretation of the Lawrence Act conflicts with the provisions of the FLSA. The FLSA permits municipalities to compensate officers with compensatory time in lieu of wages. The defendant contends that the Lawrence Act does not violate the FLSA because under 29 U.S.C. § 207(o)(2)(A)(i) (2012), a public agency may provide compensatory time only pursuant to "applicable provisions of a collective bargaining agreement." Thus, the defendant argues that since, by its own terms, the Lawrence Act is incorporated into the parties' CBA, the Lawrence Act does not violate the FLSA. However, as the plaintiff contends, this provision merely makes clear the ways through which a city can impose a compensatory time policy; if a city intends to impose a compensatory time policy pursuant to the FLSA, the employees must agree to such a policy in a collective bargaining agreement, but this section does not nullify § 207(o)(4) of the FLSA, which mandates the payment of accrued compensatory time: "An employee . . . who has accrued compensatory time off authorized . . . *shall*, upon termination of employment, be paid for the unused compensatory time . . . ." (emphasis added).

tory time. While he was on "injured on duty" status, the plaintiff never had a chance to utilize this accrued time, and he apparently did not request payment until he retired. Whether and when Lawrence's obligation ripened into an expense is unclear. Alternatively, the Lawrence Act could also be viewed as requiring the department head, if intending not to request carry-over permission, to pay the accrued time. In this way, the two statutes can be reconciled.

Additionally, if Lawrence's interpretation of the Lawrence Act is correct, and if drawn to its logical conclusion, employees would be forced to use all earned vacation, sick, and compensatory time before the end of each two- or three-month allotment period if the department heads and mayor refused to allow them to be carried over. "[C]ourts enforce the statute according to its plain wording . . . so long as its application would not lead to an absurd result." *Worcester* v. *College Hill Properties, LLC*, 465 Mass. 134, 138 (2013), quoting from *Martha's Vineyard Land Bank Commn.* v. *Assessors of W. Tisbury*, 62 Mass. App. Ct. 25, 27-28 (2004). "If a sensible construction is available, [a court] shall not construe a statute to make a nullity of pertinent provisions or to produce absurd results." *Flemings* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 374, 375-376 (2000). As explained above, the Lawrence Act prescribes five allotment periods for each fiscal year, each period lasting either two or three months. Our record is silent as to the manner in which mayoral approval would be sought; moreover, it is certainly unclear from the Lawrence Act what mechanism was intended by which such approval would be requested, assuming it is even applicable to the carry-over of compensatory time. In other words, was it the responsibility of every individual employee to request approval directly from the mayor, or the responsibility of the department head, as the keeper of its department's records, including those for its employees' accrued time, to request mayoral authorization to carry it over.[8] Either

---

[8]The absence of language in the special act that requires action by individual employees seemingly imposes upon the department head to request permission for the carry-over. We express no opinion whether such direct contact would be permitted under G. L. c. 150E, §§ 6, 10(a)(5), or the CBA. Thus the interest of the department head conceivably conflicts with that of the department employees.

way, on a practical level, it strains credulity to suggest that a special act designed to ensure Lawrence's fiscal health would mandate such bureaucratic inefficiency, forcing each of Lawrence's numerous department heads, or their employees, to obtain the mayor's signature, every two or three months, for all Lawrence's employees to keep their accrued sick, vacation, and compensatory time and, in default thereof, potentially unsuspecting employees falling into a "use it or lose it" trap whereby earned but accrued compensatory time, in lieu of wages, would be lost. See *Fleet Natl. Bank* v. *Commissioner of Rev.*, 448 Mass. 441, 448 (2007) ("Courts must ascertain the intent of a statute from all its parts and from the subject matter to which it relates, and must interpret the statute so as to render the legislation effective, consonant with sound reason and common sense").

Last, the defendant paid the plaintiff's accrued sick time upon his retirement, even though the time had been accrued over the course of several fiscal periods.[9] At oral argument, the defendant attempted to explain this apparent inconsistency by arguing that the accrued sick time was "contractual" and, therefore, since the mayor signed "the contract" the sick time was authorized for carrying over. By "contractual" we can only assume that the defendant is referring to the CBA. We fail to see how the same argument would not apply to the plaintiff's compensatory time. Therefore, construing the Lawrence Act as the defendant suggests would lead not only to inconsistent and absurd results, but a form of selective enforcement. It appears that the defendant is relying on one interpretation of the CBA as "mayoral authorization" to pay the plaintiff's accrued sick time while at the same time relying on an altogether different interpretation of the CBA as incorporating the Lawrence Act to

---

[9]Although there was some dispute over the proper amount of sick time the plaintiff accrued, namely, whether the plaintiff was entitled to the benefit of expanded sick time under an amendment to the CBA, the plaintiff was paid one-half of his accrued sick time pursuant to the CBA. Section 3 of art. XII of the CBA provides:

"On the next payday following a Superior Officer's retirement, death, or voluntary termination of employment with ten (10) or more years of service, he/she (or his/her heirs at law) shall be paid a lump sum equivalent of one-half (½) of his/her accumulated, unused sick leave then in force."

bar the payment of the plaintiff's compensatory time. "We will not adopt an interpretation of a statute which relies upon selective enforcement of the statutory provisions." *Worcester* v. *College Hill Properties, LLC*, 465 Mass. at 145. The defendant cannot arbitrarily invoke the Lawrence Act as a shield to avoid its statutory obligations to pay the plaintiff's compensatory time.

3. *Conclusion.* For the reasons stated above, we reverse the motion judge's denial of the plaintiff's motion for reconsideration and remand for proceedings consistent with this opinion.

*So ordered.*