Krupp, Peter B., J.
Plaintiff Michaela Jergensen worked for defendant Massachusetts Historical Commission (“MHC”), a state agency, until about two years ago. She now sues to recover employment benefits, including overtime, to which she would have been entitled as an employee had MHC not, as she alleges, misclassified her as an independent contractor in violation of G.L.c. 149, §148B. Claiming sovereign immunity, MHC moves to dismiss plaintiffs claims under the Independent Contractor Statute, G.L.c. 149, §148B (Count One), and the Minimum Fair Wage Law, G.L.c. 151, §1A (Count Three).[1] For the following reasons, the motion is ALLOWED in part as to Count Three, but otherwise DENIED without prejudice. I also set a schedule for resolution of the case.
BACKGROUND
In accordance with Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), I assume the factual allegations in plaintiffs complaint to be true for purposes of this motion. They may be summarized briefly.
Plaintiff worked for MHC as a Preservation Planner from June 2010 through April 2013. When plaintiff was hired by MHC’s Technical Services Division’s Review and Compliance Office, MHC had two other Preservation Planners in that office. Both were considered employees. Plaintiff was misclassified as an independent contractor and consequently did not receive overtime pay (despite working approximately six hours of overtime per month) and a variety of other benefits she would have enjoyed as an employee.
Plaintiff filed her complaint on November 5, 2014. She asserts claims for violation of the Independent Contractor Statute, G.L.c. 149, §148B (Count One), the Fair Labor Standards Act, 29 U.S.C. §207 (Count Two), and the Minimum Fair Wage Law, G.L.c. 151, §1A (Count Three). MHC moves to dismiss Counts One and Three, arguing that the Legislature has not waived sovereign immunity for claims under these statutes.
DISCUSSION
A. Principles of Sovereign Immunity
Sovereign immunity protects the Commonwealth from suit absent its consent. Thus, “only the Legislature can waive immunity, and the Commonwealth ‘can be impleaded only in the manner and to the extent expressed [by] statute.’ ” Smith v. Massachusetts Bay Transp. Auth., 462 Mass. 370, 373 (2012), quoting Boxford v. Massachusetts Highway Dep’t, 458 Mass. 596, 601 (2010).
“Consent to suit” may be expressed “by the terms of a statute,” or may “appear by necessary implication from them.” Lopes v. Commonwealth, 442 Mass. 170, 175-76 (2004), quoting Woodbridge v. Worcester State Hosp., 384 Mass. 38, 42 (1981). The language of the relevant statutes is the starting place to determine if sovereign immunity has been waived. In reading statutes to determine whether there has been an implied waiver of sovereign immunity, courts have applied *613 “stringent” rules of construction, Woodbridge, 384 Mass. at 42, “reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference.” Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 544 (1998).
Broad general language conveying a statutoiy right is usually insufficient to bind the Commonwealth, let alone convey a private cause of action. Perez v. Boston Hous. Auth., 368 Mass. 333, 339 (1975) (“werecognize that ‘[i]t is a widely accepted rule of statutoiy construction that general words in a statute such as ‘persons’ will not ordinarily be construed to include the State or political subdivisions thereof,’ ” quoting Hansen v. Commonwealth, 344 Mass. 214, 219 (1962)). As the Supreme Judicial Court has recently stated, “in determining whether a private right of action and waiver of sovereign immunity are a ‘necessary implication’ of a statutoiy duty, we consider whether it would be reasonable as a matter of public policy for the Legislature to have intended a statutory duty without a judicial remedy.” Boston Medical Center Corp. v. Sec. of the Exec. Office of Health and Human Serv., 463 Mass. 447, 456 (2012). Where, for example, the Legislature has created a statutory duty which requires application of technical expertise in the exercise of judgment and discretion, the Court has found it reasonable for the Legislature to have concluded that judicial review was not appropriate. Id. at 453-59. On the other hand, where the public official is not exercising a discretionary function and sovereign immunity is not properly invoked “to shield the public fisc from the specter of virtually unlimited liability,” a waiver of sovereign immunity has been found. Bates v. Dir. of Office of Campaign and Political Finance, 436 Mass. 144, 174 (2002).
B. The Applicable Statutoiy Scheme
The Commonwealth argues correctly that nothing in G.L.c. 149, §148B, or G.L.c. 151, §1A, expressly provides a private right of action against the Commonwealth. This, of course, does not end the inquiiy, as I must consider whether the Legislature has, by necessary implication, authorized a private right of action against the Commonwealth for failing to comply with G.L.c. 149, §148B, or G.L.c. 151, §1A. The parties agree that this is a matter of first impression. I have been unable to find any case in which a court has considered whether the Commonwealth has waived its sovereign immunity for claims under G.L.c. 149, §148B or G.L.c. 151, §1A.
I start by reviewing the statutes themselves to determine whether the Legislature intended to convey a private right of action to employees of the Commonwealth. Because of the interrelationship of the statutes, and because many of the cases cited by the parties arise under G.L.c. 149, §148, I look first at Section 148.
The first paragraph of Section 148 states in relevant part:
Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week . . . ; and the commonwealth, its departments, officers, boards and commissions shall so pay every mechanic, workman and laborer employed by it or them, and every person employed in any other capacity by it or them in any penal or charitable institution, and every county and city shall so pay every employee engaged in its business the wages or salary earned by him, unless such mechanic, workman, labor or employee requests in writing to be paid in a different manner; and every town shall so pay each employee engaged in its business if so required by him . . .
G.L.c. 149, §148, para. 1 (italics and underlining added). The first clause, which I have set off above in the italics, pertains generally to “(e]veiy person having employees” and establishes a time within which earned wages must be paid to employees.[2] This provision does not expressly apply to the Commonwealth and its general language is insufficient to bind the Commonwealth. Indeed, as quoted above, Section 148 contains a specific provision applicable to the Commonwealth, which is considerably narrower than other provisions in Section 148.
As to the Commonwealth, the portion of Section 148 that I have underlined above obligates the Commonwealth to pay wages on the schedule set forth in Section 148 to “eveiy mechanic, workman and laborer,” and to every person it employs in a “penal or charitable institution.” However, it does not sweep every Commonwealth “employee” within the reach of Section 148. The language applying Section 148 only to certain Commonwealth employees contrasts with the broad language applying Section 148 to “every employee engaged in” the business of “eveiy county and city” and “every town.” G.L.c. 149, §148, para. 1 (emphasis added).
Obviously, if the first clause — "(e]veiy person having employees" — applied to government employers, it would have been unnecessary to include the provisions later in the statute specific to counties, cities and towns. Instead, it appears the specific provisions for government employers define the scope of the government employers’ obligations to comply with the timing obligations for payment of earned wages under Section 148. The Commonwealth’s obligations under Section 148 therefore apply to a narrower band of employees than are covered by Section 148 if employed privately or by a county or municipality.
*614 The Legislature has waived sovereign immunity to permit a,private right of action to redress violations of the obligations imposed on government employers under Section 148. Section 148 states:
Every public officer whose duly it is to pay money, approve, audit or verify pay rolls, or perform any other official act relative to payment of any public employees, shall be deemed to be an employer of such employees, and shall be responsible underthis section for any failure to perform his official duty relative to the payment of their wages or salaries, unless he is prevented from performing the same through no fault on his part.
G.L.c. 149, §148, para. 6 (emphasis added). This provision shows the Legislature’s intent to hold public officials responsible for violations of Section 148, and that such responsibility would be coextensive with the obligations imposed under Section 148.[3] The consequence of the broad applicability of Section 148 to municipal employees means that there exists a private cause of action (and waiver of sovereign immunity) for actions against counties, cities and towns. See, e.g., Plourde v. Police Dep't of Lawrence, 85 Mass.App.Ct. 178, 181 (2014) (“We need not dwell on the question of sovereign immunity ... as it is well settled that municipalities are subject to the Wage Act” (emphasis added)); Dixon v. Malden, 464 Mass. 446, 447-53 (2013) (applying G.L.c. 149, §148 to municipal employee’s claim against cify, including enforcement provisions for litigation costs, attorneys fees and multiple damages under G.L.c. 149, §150); Boston Police Patrolmen’s Assn., Inc. v. Boston, 435 Mass. 718, 720 (2002) (court did not question whether police officers and detectives could sue ciiy under G.L.c. 149, §148, but concluded deferred compensation did not constitute wages).
On the other hand, because Section 148 applies only to certain limited categories of state employees, the existence of a private cause of action and waiver of sovereign immunity to allow claims under Section 148 is similarly limited only to those employees. In Newton v. Comm’r of the Dep’t of Youth Serv., 62 Mass.App.Ct. 343 (2004), the Court applied the Wage Act to a claim against the Massachusetts Department of Youth Services. Although, as in Dixon v. Malden, the Appeals Court did not face a challenge on sovereign immunity grounds, it ruled: “we agree with the plaintiffs that the right to timely payment of wages is a distinct, independent statutory right that can be enforced judicially even though the subject matter of over time, call-back, and stand-by pay is incorporated in the plaintiffs’ collective agreement." 62 Mass.App.Ct. at 346. “The personal nature of this right is underscored by the provision of redress not only in the form of recovery of lost wages, but also treble the amount of the loss, reasonable attorneys fees, and costs.” Id. at 347. The Appeals Court, however, read G.L.c. 149, § 148 as limiting the scope of the statute’s requirement of timely payment of wages to state workers to those employed as a “mechanic, workman [or] laborer” or “in a penal or charitable institution.” Id. at 347-49, quoting G.L.c. 149, §148, para. 1.
This discussion brings me to the provisions at issue here: G.L.c. 149, §148B and G.L.c. 151, §1A. Section 148B is in part definitional, see G.L.c. 149, §148B(a)-(c), drawing the line between an employee and an independent contractor for purposes of Chapter 149, including Section 148 discussed above, and Chapter 151. Section 148B(d) also provides a remedy for the misclassification of a person as an independent contractor instead of an employee, including criminal and civil penalties and debarment, all as provided under G.L.c. 149, §27C. Section 148B also provides for individual liability, stating: “Any entiiy and the president and treasurer of the corporation and any officer or agent having the management of the corporation or entiiy shall be liable for violation of this section.”
The remedy provided in Section 148B(d) is not exclusive. See G.L.c. 149, §148B(e). So, for example, if the Commonwealth misclassifies one of its workers covered by Section 148 (e.g. a “mechanic, workman [or] laborer” or a person who works “in a penal or charitable institution”) as an independent contractor in violation of Section 148B(a), and as a result fails to pay the worker as required under Section 148, a private cause of action will lie under G.L.c. 149, §§148 and 150.
Nothing contained in Section 148B, however, expressly or impliedly makes the remedies available under Section 148B(d) applicable to state workers. Hie language of Section 148B(d) suggests a legislative intent to apply those remedies only to nongovernmental entities. For example, the reference to criminal penalties, debarment and corporate officer liabiliiy all suggest a focus on private actors. There appears to be good legislative reasons not to subject the Commonwealth to the remedies under Section 148B(d). The remedies available under G.L.c. 149, §27C, which are expressly incorporated into Section 148B(d), involve criminal sanctions, presumably to be pursued by the Attorney General’s Office, G.L.c. 149, §27C(a); civil penalties that are left to the Attorney General to pursue, G.L.c. 149, §27C(b); or debarment from doing business with the Commonwealth. G.L.c. 149, §27C(b) (3). The legislature may reasonably have determined that such sanctions would be inapplicable to a state employer.
Like Section 148B, G.L.c. 151, §1A does not expressly apply to the Commonwealth, nor does it expressly waive sovereign immunity. Section 1A states in relevant part: “Except as otherwise provided in this section, no employer in the commonwealth shall employ any of his employees in an occupation . . . for a work week longer than forty hours at a rate not less than one and one half times the regular rate at which he is employed.”[4] Section 1A lists 20 categories of *615 employees exempted from the obligation to pay one and a half times the regular rate of pay for overtime. Nothing in Section 1A or the applicable definitions of its terms extends its coverage to employees of the Commonwealth or conveys a private right of action for violation of Section 1A. To the contrary, overtime pay for state employees is addressed in separate statutes. See, e.g., G.L.c. 149, §§30B, 30C.
There is conflicting language in cases about whether Section 1A applies to the Commonwealth or any other governmental employer. In Plourde, the Appeals Court reversed dismissal on sovereign immunity grounds of a claim by a former captain of the Lawrence Police Department that he had not been paid compensatory time due under his applicable collective bargaining agreement in violation of G.L.c. 149, §148 and G.L.c. 151,[5] which the Appeals Court referred to collectively as the “Wage Act.” 85 Mass.App.Ct. at 180-81. In reinstating the claim under the “Wage Act,” as so defined, the Appeals Court found it unnecessary to “dwell on the question of sovereign immunity” because it found it “well settled that municipalities are subject to the Wage Act.” Id. at 181. While this conclusion regarding the applicability of Section 148 to municipal employees appears clear to me, it is not at all clear, as discussed above, that it applies to all Commonwealth employees or that claims for time and a half under G.L.c. 151, §1A may be brought against the Commonwealth. Nothing in Plourde or the cases upon which it relies comes to that conclusion.
For its part, the Commonwealth cites to a one-paragraph rescript decision from the Appeals Court, upholding a decision not to apply the minimum wage rates under G.L.c. 151 against a town. Grenier v. Town of Hubbardston, 7 Mass.App.Ct. 911 (1979). In Grenier, the Court stated: “The case falls within the rule that statutes regulating persons and corporations engaged in trade and industry are ordinarily construed not to apply to the Commonwealth or its political subdivisions unless the Legislature expressly or by clear implication so provided.” 7 Mass.App.Ct. at 911 (and cases cited). While Grenier did not address the applicability of Section 1A to the Commonwealth as an employer, its succinctly stated animating principle remains good law, was not overruled by Plourde, and has been followed in a pair of pre-Plourde federal cases. See Lemieux v. City of Holyoke, 740 F.Sup.2d 246, 261 (D.Mass. 2010) (relying on Grenier, among other arguments), and Burns v. City of Holyoke, 881 F.Sup.2d 232, 237 (D.Mass. 2012) (relying on Lemieux). I must conclude that the Legislature has not waived sovereign immunity to permit a private cause of action against the Commonwealth under G.L.c. 151, §1A.
Notwithstanding this analysis, I confront these issues on a motion to dismiss. Plaintiff may pursue a claim under Section 148, if she falls into one of the itemized categories of state employees covered by that statute, under her theory that she has been misclassified in violation of the definition of an independent contractor in Section 148B. The parties have not litigated the question of whether plaintiff served in one of the itemized capacities for which certain Commonwealth employees are covered by Section 148 (i.e. as a “mechanic, workman [or] laborer” or “in a penal or charitable institution’j. I will not decide that issue without briefing, particularly in light of the fact that it may be unnecessary to do so as plaintiff has requested leave to amend.[6] The issue may also require the development of a fuller factual record.
ORDER
1. Defendant’s Partial Motion to Dismiss (Docket #6.0) is ALLOWED in part insofar as Count Three is dismissed because it is barred by the principle of sovereign immunity. As to Count One, the motion is DENIED without prejudice to similar arguments being raised in response to a motion to amend or on a motion filed in response to an amended pleading.
2. Any motion to amend shall b e served by June 15, 2015 and filed in compliance with Superior Court Rule 9A by July 7, 2015. Discovery shall be completed by the end of 2015. Any Rule 56 motion shall be served by January 29, 2016 and filed in compliance with Superior Court Rule 9A by February 29, 2016. The court shall hold a Final Pretrial Conference on March 15, 2016 at 2 p.m. If a Rule 56 motion is filed, it will be heard on the date set for, and in lieu of, the Final Pretrial Conference.

 MHC also seeks to dismiss so much of plaintiffs claims as seek recovery outside the applicable limitations period. In this regard, there is no dispute. Plaintiff agrees her damages are limited to those occurring within the applicable limitations periods.

 The Supreme Judicial Court has recognized the broad remedial purpose of the Wage Act to protect wage earners from the prolonged detention of wages. Fernandes v. Attleboro Hous. Auth., 470 Mass. 117, 125 (2014) (and cases cited). It has “consistently held that the legislative purpose behind the Wage Act ... is to provide strong statutory protection for employees and their right to wages.” Crocker v. Townsend Oil Co., 464 Mass. 1, 13 (2012), citing Camara v. Attorney Gen., 458 Mass. 756, 760 (2011); Elec. Data Sys. Corp. v. Attorney Gen., 454 Mass. 63, 70 (2009); Wiedmann v. Bradford Grp., Inc., 444 Mass. 698, 703 (2005); Boston Police Patrolmen’s Ass’n v. Boston, 435 Mass. 718, 720 (2002); Am. Mut. Liab. Ins. Co. v. Comm'r. of Labor & Indus., 340 Mass. 144, 145-47 (1959). See also Lipsitt v. Plaud, 466 Mass. 240, 255 (2013) (protections afforded by Wage Act supplement, but do not replace traditional common-law rights of action); Crocker, 464 Mass. at 7 (employees may recover lost wages otherwise statutorily precluded under Wage Act). Since passage of the Wage Act in 1886, “file Legislature has broadened the scope of employees covered, the type of eligible compensation, and the remedies available to employees whose rights have been violated.” Melia v. Zenhire, Inc., 462 Mass. 164, 171 (2012).

 The private enforcement mechanism for a violation of Section 148 is found in the second paragraph of G.L.c. 149, §150.

 The enforcement mechanism for a violation of Section 1A is found in G.L.c. 151, §1B, and includes a private right of action.

 Plourde does not make clear under what section of Chapter 151 the plaintiff pursued his claim.

 Plaintiff indicated an intention to add a claim under G.L.c. 149, §30B, which addresses overtime compensation to “any employee of the commonwealth,” with exceptions. The definition of an independent contractor (in contrast to an employee) contained in G.L.c. 149, §148B applies to all of sections of Chapter 149, including Section 30B. The parties have not raised, and I am not deciding, whether a private right of action exists against the Commonwealth for violating Section 30B.