Davis, Brian A., J.
This is an action in which plaintiff Michaela Jergensen (“Plaintiff’) seeks damages and other compensation based on the allegation that she was misclassified as an independent contractor by defendant Massachusetts Historical Commission (the “Commission”) in the 2010-2013 timeframe. The material facts, which are effectively undisputed, are as follows.[1]
The Commission is a division of the Office of the Massachusetts Secretary of State that was created in 1963. See G.L.c. 9, §26 et seq. Its official duties include, among other things, administration of the National Register program and the State Register of Historic Places in Massachusetts; administration of the Massachusetts Preservation Projects Fund; and formal review of state-licensed, funded, and/or permitted projects, including state historic rehabilitation tax credit applications, with respect to archeological and historic preservation issues. Id.
Plaintiff holds a bachelor of science degree in historic preservation from Roger Williams University. She worked for the Commission as a “Preservation Planner” from June 2010 through April 2013 pursuant to a series of written contracts that explicitly identified her as an independent contractor. Plaintiff claims, nonetheless, that she was an employee of the Commission and that, due to her misclassification as an independent contractor, she was not properly compensated by the Commission for time that she worked in excess of 40 hours per week (i.e., for her overtime). In this action, Plaintiff has asserted claims against the Commission for violation of the Massachusetts Wage Act, G.L.c. 149, §148, which requires the timely payment of all wages earned by an employee (Amended Complaint, Count IV), violation of the Massachusetts Independent Contractor Law, G.L.c. 149, §148B, which extends the wage protections afforded to employees to independent contractors in certain circumstances (id., Count I), and violation of Section 207 of the Federal Fair Labor Standards Act, 29 U.S.C. §201 et seq., which requires the payment of compensation for overtime hours at one-and-a-half times an employee’s regular rate of pay (id., Count II).[2] The Commission denies that Plaintiff ever was its employee, and denies any obligation to pay her any compensation beyond what Plaintiff previously received under her written employment contracts.
The case came before the Court most recently on the Commission’s motion for summary judgment. The Commission argues, in a nutshell, that Plaintiffs claims against the Commission under both G.L.c. 149 and 29 U.S.C. §207 are barred, as a matter of law, by the principle of sovereign immunity. Plaintiff does not contest, at this juncture, that her federal law claim *616 under 29 U.S.C. §207 is barred in light of the United States Supreme Court’s decision in Alden v. Maine, 527 U.S. 706, 754 (1999) (“we hold that the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation”). She opposes the Commission’s motion, however, with respect to her state law claims under G.L.c. 149.
The Court conducted a hearing on the Commission’s motion for summary judgment on September 1, 2016. At the Court’s request, both sides submitted supplemental, post-hearing legal memo-randa addressing the proper interpretation of G.L.c. 149, §148. Upon consideration of the various written submissions of the parties and the oral arguments of counsel, the Commission’s motion will be ALLOWED for the reasons summarized, briefly, below.
In this Commonwealth, “statutes regulating persons and corporations engaged in trade and industry are ordinarily construed not to apply to the Commonwealth or its political subdivisions unless the Legislature has expressly or by clear implication so provided.” Grenier v. Town of Hubbardston, 7 Mass.App.Ct. 911, 911 (1979) (citations omitted). Massachusetts General Laws c. 149, §148, is one statute that applies, on its face, to the Commonwealth and its political subdivisions in certain, specific circumstances. Section 148 expressly states that its provisions apply to “every mechanic, workman and laborer employed” by “the commonwealth, its departments, officers, boards and commissions,” and also to “every person employed in any other capacity by it or them in any penal or charitable institution . . .” G.L.c. 149, §148. These categories are not all-inclusive. Massachusetts law holds (and the parties agree) that a person holding a professional position with the “commonwealth, its departments, officers, boards [or] commissions,” such as the “Preservation Planner” job that Plaintiff held at the Massachusetts Historical Commission, does not qualify as a “mechanic, workman [or] laborer” for purposes of G.L.c. 149, §148. See Newton v. Comm’r of the Dep’t of Youth Servs., 62 Mass.App.Ct. 343, 348 (2004) (“[a] ‘laborer’ ordinarily is a person without particular training who is employed at manual labor . . . while ‘workmen’ and ‘mechanics’ broadly embrace those who are skilled users of tools,” quoting Devney’s Case, 223 Mass. 270, 272 (1916)). See also Tracy v. Cambridge Jr. College, 364 Mass. 367, 375-76 (1973) (a “nonprofessional, nonsupervisoiy clerical employee . . . making only $60 a week and performing the secretarial, receptionist, stenographic and record keeping functions . . . can be considered a laborer, workman or mechanic for the purposes of . . . the Workmen’s Compensation Act”). The question then becomes whether Plaintiff qualifies as a person employed by the Commonwealth “in any other capacity ... in any . . . charitable institution . . .”[3] G.L.c. 149, §148.
Although Plaintiff argues otherwise, the Court is persuaded that the better reasoned conclusion is that the Commission does not constitute a “charitable institution” for purposes of G.L.c. 149, §148.[4] The phrase “charitable institution” is not defined in G.L.c. 149, but its plain meaning and its historical origins indicate that it is not meant to encompass modern-day state agencies and divisions like the Commission. Rather, the term “charitable institution” means an “institution” in the sense of a facility or complex of buildings used to house people who are in need special services, and “charitable” in the late Nineteenth Century sense of almsgiving. Chapter 149, §148, was enacted over one hundred years ago (see St. 1909, c. 514, §112), at a time when the Commonwealth funded and operated a range of entities that fairly could be characterized as “charitable” in nature, including various almshouses and hospitals, as well as the “Massachusetts asylum for the blind,” the “asylum for the deaf and dumb in Hartford,” and the “Massachusetts school for idiotic and feeble-minded youth” (see St. 1865, c. 35 (state appropriations act, listing various recipients)). See also Town of Shrewsbury v. City of Worcester, 180 Mass. 38, 39-40 (1901) (discussing legal effect of transferring plaintiffs wife from the old “Worcester Lunatic Hospital” to new “State Hospital,” and describing the “new place equally with the old” as “an institution of chariiy”). At or around the same time, there existed a “board of state charities” (later abolished upon the creation of the “state board of health, lunacy and charity” (see St. 1879, c. 291, §1), which later became the “state board of lunacy and charily” (see St. 1886, c. 101, §1)). These boards and entities were part of a “whole system of . . . public charitable . . . institutions of the Commonwealth” (see St. 1863, c. 240, §4) that, for better or for worse, has not survived into the present. Their historical imprint, however, helps to explain the appearance of the phrase “charitable institution” in the text of G.L.c. 149, §148.
The Commission obviously has none of the characteristics of a Nineteenth Century almshouse, hospital, or “asylum for the deaf and dumb.” It is, instead, a state agency, created in the Twentieth Century, that is tasked with a variety of administrative and regulatory responsibilities, including, perhaps most importantly, cataloging the Commonwealth’s historic assets and ensuring governmental and third-party compliance with various state and federal historic preservation laws. See SMF, Plaintiffs Statement of Additional Material Facts, 3-15. While the Commission’s functionslike those of just about any governmental entityundoubtedly are undertaken “for the public good,” they are not enough to make the Commission a “charitable institution.”[5] See, e.g., New Habitat, Inc. v. Tax Collector of Cambridge, 451 Mass. 729, 732 (2008) (“A charitable organization is a literary, benevolent, charitable or scientific institution or temperance society incorporated in the commonwealth” and established “for the benefit of an indefinite number of *617 persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government” [internal quotation marks omitted]). Accordingly, Plaintiff does not qualify as a “person employed in any other capacity by . . . any . . . charitable institution” for purposes of G.L.c. 149, §148, and her claims against the Commission under G.L.c. 149 are barred as a matter of law.
For the foregoing reasons, the Court ALLOWS the Commission’s motion for summary judgment. Plaintiffs complaint shall be dismissed in its entirety, with prejudice.

 The facts recited are taken from the parties’ Statement of Material Facts as to Which There Is No Genuine Issue to be Tried (“SMF," Docket No. 15.3).

 Count III of Plaintiffs complaint alleging that the Commission also violated the Massachusetts Fair Wage Law, G.L.c. 151, §1A, was dismissed by this Court (per Krupp, J.) in May 2015 based on the Court’s ruling that the claim is barred by the principle of sovereign immunity. See Memorandum and Order on Defendant’s Motion to Dismiss, dated May 13, 2015, at 11 (the “Prior Order,” DocketNo. 8.0). The Court left unresolved in its Prior Decision the question of whether Plaintiffs remaining state law claims also are barred by the principle of sovereign immunity. Id. at 10.

 Plaintiffs three-year tenure at the Commission apparently was sufficiently satisfactory that she does not allege that the Commission is a “penal . . . institution” for purposes of G.L.c. 149, §148.

 The Court further held in its Prior Decision that an employer’s failure to properly classify and pay an independent contractor under G.L.c. 149, §148B, may give rise to a claim under G.L.c. 149, § 148. Prior Decision at 7-8. In such circumstances, a claimant still must meet the other requirements of Section 148, including demonstrating that he or she qualifies as a “mechanic, workman [or] laborer employed” by “the commonwealth, its departments, officers, boards and commissions,” or a person employed by the Commonwealth or its subdivisions “in any other capacity ... in any penal or charitable institution,” in order to prevail on his or her claim under Section 148B. Id. at 8.

 Plaintiff s argument that the Commission is a “charitable institution” because it is authorized by law to accept private donations (see G.L.c. 9, §26 (“[t]he state secretary may on behalf of the commonwealth for the purposes of this section . . . accept gifts of real and personal property, including papers, documents and moneys . . .”}, and to “publish, furnish and disseminate information of an historic nature” (see id.), does not change the Court’s conclusion. Numerous Massachusetts state agencies having no arguable charitable purpose are authorized by law to accept donations from private parties. See, e.g., G.L.c. 23A, §131 (Office of Travel and Tourism); G.L.c. 25A, §6(6) (Department of Energy Resources), G.L.c. 23A, §8 (Office of Business Development); G.L.c. 6, §156 (Committee on Criminal Justice); G.L.c. 151B, §3(14) (Commission Against Discrimination); G.L.c. 6, §167A(g) (Department of Criminal Justice Information Services); and G.L.c. 6A, §16G(a) (Executive Office of Housing and Economic Development). Moreover, many, if not most, state agencies publish pamphlets, books, and other written materials that offer information and guidance to the public. See, e.g., Massachusetts State Bookstore Catalog, located at https://www.sec.state.ma.us/spr/sprcat/contents.htm. Neither attribute is unique to the Commission, and neither offers meaningful proof of its alleged charitable status.