NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

25-P-352                                          Appeals Court

GERARD FONTANA & another[1]  vs.  CITY OF BOSTON.

No. 25-P-352.

Suffolk.     November 17, 2025. – June 2, 2026.

Present:  Hershfang, Hodgens, & Smyth, JJ.


Massachusetts Wage Act.  Contract, Performance and breach.
     Municipal Corporations, Fire department.  Fire Fighter,
     Retirement.  Public Employment, Retirement benefits,
     Compensatory time, Vacation pay.  Retirement.  Statute,
     Construction.  Practice, Civil, Summary judgment.


     Civil action commenced in the Superior Court Department on October 5, 2020.

     The case was heard by Mary K. Ames, J., on motions for summary judgment, and entry of judgment was ordered by Joshua I. Wall, J.


     Neil R. Janulewicz, Jr., Assistant Corporation Counsel, for the defendant.
     Paul K. Flavin for the plaintiffs.


     HODGENS, J.  Following retirement from the Boston fire

department, the plaintiffs, Gerard Fontana and John F. Walsh,

_____

     [1] John F. Walsh.

filed a complaint in the Superior Court against the city of Boston (city) including claims for breach of contract and violation of G. L. c. 149, § 148 (Wage Act). On cross motions for summary judgment, a judge allowed the plaintiffs' motion on these claims, and the city appeals. We reverse.

Before retiring in 2020, the plaintiffs worked in nonunion, salaried positions as chief of field services (Fontana) and chief of support services (Walsh). Upon separation of employment through retirement, the city paid Walsh $170,486.26 and paid Fontana $239,162.99, primarily for their unused personal, sick, and vacation time. Represented by the same counsel, the plaintiffs filed a single complaint and alleged that they were also owed for unused "compensatory time." Walsh calculated that the city owed him an additional $55,328.70, and Fontana claimed that the city owed him an additional $70,083.02. A different judge agreed with the plaintiffs, doubled damages, and awarded $298,102.29 (which included interest and attorney's fees) to Fontana and $196,367.14 (which included interest) to Walsh for their unpaid compensatory time.

Upon de novo review, see Hasseltine House, LLC v. Jewish Family & Children's Servs., Inc., 106 Mass. App. Ct. 30, 33 (2025), we conclude that the city did not owe the plaintiffs any money for unused compensatory time. This leave category constituted a mere end product of a formula used to redeem

unused vacation time. The parties agree that a two-page document entitled, "Essential Duties and Compensation Schedule," governed the plaintiffs' compensation. That document provided for the potential conversion of unused vacation time through a multistep, conditional formula entitled, "Annual Vacation Redemption." The first step limited redemption eligibility to chiefs with at least one year of service; the second step converted up to ten days of unused vacation time into cash; the third step converted that same unused vacation time into compensatory time; and the fourth step permitted the newly created compensatory time to be "carried over at the end of the calendar year upon written approval of the Fire Commissioner." The upshot of this municipal alchemy is that each year, eligible chiefs had the option to convert ten unused vacation days into both cash and ten days of a leave category called "compensatory time." Availing themselves of this conversion option at the time of retirement (and obtaining omnibus, retroactive approval from the fire commissioner to carry over their annual unused compensatory time), the plaintiffs received, as agreed, both cash payments and compensatory time for the unused vacation days. That they amassed a bank of compensatory time that they never used does not entitle them to convert that unused time into cash. Given our conclusion, we need not address the city's additional arguments, including that the plaintiffs were not

permitted to obtain retroactive approval to carry over compensatory time.

We see nothing in the "Essential Duties and Compensation Schedule" that envisions, let alone requires, such a second conversion of unused compensatory time into cash. As to the possibility of such a second conversion, that document is not ambiguous, as the plaintiffs contend, but "simply silent." Marcelle, Inc. v. Sol & S. Marcus Co., 274 Mass. 469, 474 (1931). Silence alone is not ambiguity. "There is no room for the construction of doubtful words, for there are no words whatever." Id. at 474-475. Where the parties have not reached an agreement on the subject of a second conversion of unused time into cash, "[i]t is not the role of the court to alter the parties' agreement." Rogaris v. Albert, 431 Mass. 833, 835 (2000). See 11 R.A. Lord, Williston on Contracts § 31:5 (4th ed. 2012) ("it is not the function of the judiciary to change the obligations" agreed on by parties).

We also discern no Wage Act violation. That statute is designed to combat "unscrupulous employers" who violate the statute "by withholding earned wages." Calixto v. Coughlin, 481 Mass. 157, 160 (2018), quoting Segal v. Genitrix, LLC, 478 Mass. 551, 560 (2017). See G. L. c. 149, § 148. The statute requires payment of "wages earned," "holiday or vacation payments," and in some circumstances, "commissions." G. L. c. 149, § 148. The

statute is silent as to compensatory time, and "ordinarily we will not add language to a statute where the Legislature itself has not done so." Tze-Kit Mui v. Massachusetts Port Auth., 478 Mass. 710, 712 (2018).

Beyond the absence of any express language in the statute, the formula used here to conjure both cash and compensatory time out of unused vacation time did not create "wages earned." G. L. c. 149, § 148. The compensatory time arose from a synthesis of unused vacation time, not from any required "labor, service, or performance" (citation omitted). Awuah v. Coverall N. Am., Inc., 460 Mass. 484, 492 (2011). Moreover, the plaintiffs did not "complete[]" any labor, service, or performance that was required of them and would entitle them to additional payment beyond the cash already received for the unused vacation time. Massachusetts State Police Commissioned Officers Ass'n v. Commonwealth, 462 Mass. 219, 226 (2012), quoting Awuah, supra. Finally, instead of constituting wages earned, the banks of compensatory time amassed here constituted, at best, something akin to "contingent bonus[es]," Tze-Kit Mui, 478 Mass. at 713, for chiefs who qualified for the opportunity to redeem unused vacation time, elected to redeem and convert that time, and obtained approval from the fire commissioner to carry over the newly converted compensatory time. See id. ("only contingent compensation recognized expressly in the [Wage

Act] is commissions"); Weems v. Citigroup Inc., 453 Mass. 147, 153-154 (2009) (discretionary and contingent bonuses do not constitute wages earned); Prozinski, v. Northeast Real Estate Servs., LLC, 59 Mass. App. Ct. 599, 603 (2003) (contingent severance pay "not earned" wage).

We disagree with the plaintiffs' contention that the compensatory time constitutes payment in lieu of overtime as in Plourde v. Police Dep't of Lawrence, 85 Mass. App. Ct. 178, 179-180 (2014). At a minimum, the formula for redeeming unused vacation time here distinguishes this case from Plourde, id. at 179, where the employer, through a collective bargaining agreement, agreed to pay "compensatory time in lieu of [overtime] wages." We discern nothing in the "Essential Duties and Compensation Schedule," the instrument that governed the parties' relationship, which required compensatory time in lieu of overtime. Contrast id. at 179-180. Indeed, that instrument prohibited overtime and made no mention of compensatory time outside of the formula for converting unused vacation time.

The summary judgments that entered in favor of the plaintiffs on their claims for breach of contract and violation of the Wage Act are reversed. The case is remanded for entry of summary judgment in favor of the city.

So ordered.